UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MONTY WILKINSON, in his professional capacity as acting Attorney General, et al,<br><br>Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is *pro se* Plaintiff Robert Purbeck's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 3). For the reasons explained below, the Court will deny the Motion.[1]

# BACKGROUND

On January 31, 2021, Purbeck filed an Emergency Motion for a Temporary

---

[1] Purbeck has also filed a Return of Property Pursuant to Rule 41(G) and Motion to Quash the Search Warrant (Dkt. 2), Motion for Appointment of Counsel (Dkt. 4), and Application for Leave to Proceed in Forma Pauperis (Dkt. 5). These motions will not be addressed here.

**MEMORANDUM DECISION AND ORDER - 1**

Restraining Order and Preliminary Injunction ("TRO") against Robert Monty Wilkinson, acting Attorney General.[2] He asserts that the Government violated Article 15 of the Convention Against Torture by "threating to introduce torture tainted evidence to a grand jury." Dkt. 3 at 1. According to Purbeck, he was interrogated for "7.5-8" hours in the sun with no water and suffered heatstroke and severe dehydration. *Id*. at 3.

Purbeck further asserts that the "AUSA has threatened to seek life imprisonment plus 2 years if he presents evidence to the grand jury." Dkt. 3 at 2. Purbeck seeks a TRO to prevent any evidence allegedly obtained during this interrogation to be presented in any grand jury or judicial proceedings until an evidentiary hearing is conducted. *Id*. at 6.

## ANALYSIS

Purbeck asserts that the Government violated Article 15 of the Convention Against Torture ("Convention") by "threatening to introduce torture tainted evidence to the grand jury." He seeks a TRO to prevent evidence allegedly obtained during the interrogation from being presented to the grand jury or in any judicial proceeding. However, the Convention does not provide a private right of

---

[2] To the extent Purbeck is seeking a TRO against any other defendant, the Court denies that as well.

action. *See Renkel v. United States*, 456 F.3d 640, 643-44 (6th Cir. 2006); *see also Sepulveda v. UMass Correctional Health, Care*, 160 F. Supp. 3d 371, 388-389 (D. Mass. 2016) (holding the Convention does not provide civil redress within the United States), *Torrez v. Correctional Corp. of America*, 2008 WL 191983, *3 n.5 (D. Ariz. 2008) (holding the Convention does not provide a private right of action). Accordingly, the Court cannot provide relief on this basis.

Even if the Court were to construe Purbeck's request as seeking to suppress improper evidence through the exclusionary rule, he is still not entitled to relief. *See United States v. Calandra*, 414 U.S. 338, 354 (1974) (exclusionary rule not applicable to grand jury proceedings).

In any event, Purbeck's request is premature as he has not established where or when the alleged evidence is expected to be presented, if at all. *See Texas v. United States*, 523 U.S. 296, 300 (1998). He simply wishes to prevent the alleged evidence from being introduced in "any grand jury in any district." Dkt. 3 at 6. The proper avenue to challenge evidence presented to a grand jury is through a motion to dismiss the Indictment after it has been returned. *See United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir. 1977). As such, Purbeck's TRO request is not properly before the Court for consideration.

## ORDER

**MEMORANDUM DECISION AND ORDER - 3**

NOW THERFORE IT IS HEREBY ORDERED THAT the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 3) is **DENIED**.

DATED: February 5, 2021

B. Lynn Winmill
U.S. District Court Judge