UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MONTY WILKINSON, in his professional capacity as acting Attorney General, et al,<br><br>Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Plaintiff Robert Purbeck's Amended Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 8). For the reasons explained below, the Court will deny the Motion.[1]

## BACKGROUND

On February 22, 2021, Purbeck filed an Amended Emergency Motion for a

---

[1] Purbeck has also filed a Return of Property Pursuant to Rule 41(G) and Motion to Quash the Search Warrant (Dkt. 2), Motion for Appointment of Counsel (Dkt. 4), and Application for Leave to Proceed in Forma Pauperis (Dkt. 5). These motions will not be addressed here.

MEMORANDUM DECISION AND ORDER - 1

Temporary Restraining Order and Preliminary Injunction ("TRO") against Robert Monty Wilkinson, acting Attorney General.[2] He asserts that the Government violated his Fifth Amendment rights by soliciting passwords and other statements prior to providing him with Miranda warnings. Dkt. 8 at 2-4. He seeks to exclude these alleged statements from being used in any grand jury or criminal proceeding. *Id.* at 9.

This Court has previously denied Purbeck's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction in which he also sought to exclude evidence in any grand jury proceeding based on different claims. Dkt. 7. Here, Purbeck explicitly does not raise other claims and only seeks exclusion of the alleged Miranda violations. Dkt. 8 at 2.

## ANALYSIS

Purbeck seeks to exclude alleged statements given in violation of his Fifth Amendment rights from being used in grand jury proceedings. However, he is not entitled to relief on this basis. *See United States v. Calandra*, 414 U.S. 338, 354 (1974) (exclusionary rule not applicable to grand jury proceedings).

Furthermore, Purbeck's request remains premature as he has not established

---

[2] To the extent Purbeck is seeking a TRO against any other defendant, the Court denies that as well.

**MEMORANDUM DECISION AND ORDER - 2**

where or when the alleged evidence is expected to be presented, if at all. *See Texas v. United States*, 523 U.S. 296, 300 (1998). He simply wishes to prevent the alleged evidence from being introduced in any grand jury or criminal proceeding. Dkt. 8 at 9. The proper avenue to challenge evidence presented to a grand jury is through a motion to dismiss the Indictment after it has been returned. *See United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir. 1977). Additionally, the proper avenue to seek the exclusion of evidence in a criminal trial is through a motion to suppress. As such, Purbeck's TRO request is not properly before the Court for consideration. Purbeck is also advised that he may not file further motions on this basis.

## ORDER

NOW THERFORE IT IS HEREBY ORDERED THAT the Amended Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 8) is **DENIED**.

DATED: February 26, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**

**MEMORANDUM DECISION AND ORDER - 4**