UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MONTY WILKINSON et al,<br><br>Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's *pro se* Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and Motion to Quash the Search Warrant in re 451 W Waterbury Drive, Meridian, Idaho. Dkt. 2. Plaintiff requests the return of property seized during the execution of the search warrant at his home. He also requests that the search warrant be quashed. Upon the Court's Order (Dkt. 10), the Government filed a response. Dkt. 12. For the reasons explained below, the Court will deny the Motions.

## BACKGROUND

On August 29, 2019, FBI agents executed a search warrant at Plaintiff's

**MEMORANDUM DECISION AND ORDER - 1**

residence located at 451 W Waterbury Drive in Meridian, Idaho. The agents seized numerous items including computers, disks, CDs, memory drives, and other computer hardware. Plaintiff contests the seizure of these items and filed a Civil Rights Complaint (Dkt. 1),[1] along with a Motion for Return of Property under Rule 41(g) and a Motion to Quash the Search Warrant. Dkt. 2.

Plaintiff filed the Motions before the Court on January 31, 2021. Dkt. 2. On March 2, 2021, a federal grand jury returned an indictment charging Purbeck with 11 counts of fraud. *See* Dkt. 12-1. A forfeiture provision was included in the Indictment. *Id.* at 9.

## ANALYSIS

As a preliminary note, the Court finds that it has jurisdiction to decide the Motions because the property was seized in the District of Idaho.

**A. Motion for Return of Property**

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, Rule 41(g) does not apply when property is subject to federal forfeiture. *See United States v. Fitzen*, 80 F.3d 387,

---

[1] The Court has addressed Plaintiff's Civil Rights Complaint in a separate Initial Review Order.

389 (9th Cir. 1996).

Since Plaintiff filed his motion, he has been Indicted in the Northern District of Georgia. *See* Dkt. 12-1. The Indictment included a forfeiture provision enumerating the items seized during the search of his residence. Accordingly, the items Plaintiff wishes returned are subject to federal forfeiture, and therefore his Rule 41(g) motion will be denied.[2]

### B. Motion to Quash the Search Warrant

In that same vein, the search warrant should be challenged in the pending criminal proceedings. Plaintiff will have the opportunity to challenge both the search warrant and the forfeiture of seized items in those proceedings. *See Ramsden v. United States*, 2 F.3d 322, 323 (9th Cir. 1993).

---

[2] A motion for return of property prior to the commencement of criminal proceedings is treated as a civil equitable proceeding. *See United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). "Before a district court can reach the merits of a [Rule 41(g)] motion," the district court must consider: (1) "whether the Government displayed a callous disregard for the constitutional rights of the movant;" (2) "whether the movant has an individual interest in and need for the property he wants returned;" (3) "whether the movant would be irreparably injured by denying the return of property;" and (4) "whether the movant has an adequate remedy at law for the redress of his grievances." *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993). Even were the Court to analyze Plaintiff's claims under the preindictment standard, the Court's conclusion would be the same as an adequate remedy at law now exists in the Northern District of Georgia criminal proceedings.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Return of Property Pursuant to Rule 41(g) (Dkt. 2) is **DENIED**.

2. Plaintiff's Motion to Quash the Search warrant (Dkt. 2) is **DENIED**.

DATED: April 20, 2021

_____
B. Lynn Winmill
U.S. District Court Judge