RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
**JAMES P. SCHAEFER, CA STATE BAR NO. 250417**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: James.Schaefer@usdoj.gov

Attorneys for Defendant Roderick Coffin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>           Plaintiff,<br><br>    v.<br><br>ROBERT MONTY WILKINSON et al.,<br><br>           Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT RODERICK COFFIN'S MOTION TO DISMISS** |

      Defendant Roderick Coffin, through his undersigned attorney, respectfully submits this memorandum in support of his motion to dismiss Plaintiff Robert Purbeck's Amended Complaint (ECF No. 19) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**I.       BACKGROUND**

      On January 31, 2021, Plaintiff Robert Purbeck (Purbeck) filed the original complaint in this action, asserting claims related to the United States' execution of a search warrant at his home in Meridian, Idaho on August 21, 2019.  ECF No. 1.  On April 20, 2021, after conducting an initial review of Purbeck's complaint pursuant to 28 U.S.C. § 1915, this Court ordered Purbeck to file an amended complaint within 28 days.  ECF No. 15.

**MEMORANDUM IN SUPPORT OF DEFENDANT RODERICK COFFIN'S MOTION TO DISMISS - 1**

On May 18, 2021, Purbeck filed an Amended Complaint against three Assistant United States Attorneys, three FBI agents, and Ada County.  ECF No. 19.  On September 27, 2021, after conducting an initial review of Purbecks' Amended Complaint pursuant to 28 U.S.C. § 1915, this Court entered an order allowing Purbeck to proceed on:  (1) excessive force claims against two FBI agents, Agent James Pinette and Agent Roderick Coffin, as outlined in Counts I and VIII; (2) Fourth Amendment claims against Agent Clark Harshbarger and AUSA Nathan Kitchens as outlined in Count IX; and (3) substantive due process claims against Ada County as outlined in Count VII.  ECF No. 23 at 31-32.  This Court further ordered that "Plaintiff may not proceed on any other claims against any other Defendants at this time." *Id.* at 32.  Accordingly, the sole claim against Agent Coffin as to which Purbeck has been allowed to proceed are the excessive force claims outlined in Counts I.  *Id*.

## II.     ARGUMENT

Counts I should be dismissed as to Agent Coffin for insufficient service of process because Purbeck has not served a copy of the summons and complaint on Agent Coffin as required by Rule 4 of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 4(e), (i)(3).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action when the plaintiff fails to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure.  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

To properly serve Agent Coffin, Purbeck was required to serve a copy of the summons and complaint on both Agent Coffin and the United States within 90 days of filing his complaint.

**MEMORANDUM IN SUPPORT OF DEFENDANT RODERICK COFFIN'S MOTION TO DISMISS - 2**

*See* FED. R. CIV. P. 4(e), (i)(3), (m). To serve the United States, Purbeck was required to deliver or send copies of the summons and complaint both to the United States Attorney for the District of Idaho and the Attorney General of the United States in Washington, D.C. *See* FED. R. CIV. P. 4(i) (1)(A)&(B).

On May 18, 2021, Purbeck filed an Amended Complaint. ECF No. 19. On September 27, 2021, after conducting an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915, this Court entered an order allowing Purbeck to proceed against Agent Coffin on Counts I and VIII. Accordingly, assuming Purbeck's 90-day service deadline was tolled while the Court conducted its 28 U.S.C. § 1915 review, Purbeck had until December 27, 2021, to properly serve Agent Coffin. Purbeck failed to do so.

The docket is devoid of any indication that Purbeck properly served Agent Coffin. Indeed, Purbeck could not have properly served Agent Coffin or the United States because he has not even requested that the Clerk of the Court issue a summons in this action. Accordingly, this Court should dismiss this action as to Agent Coffin for insufficient service of process.

### III. CONCLUSION

For the foregoing reason, this action should be dismissed as to Agent Coffin.

Respectfully submitted this 25th day of May, 2022.

                        RAFAEL M. GONZALEZ, JR.
                        UNITED STATES ATTORNEY
                        By:

                        */s/ James P. Schaefer*
                        JAMES P. SCHAEFER
                        Assistant United States Attorney