Robert Purbeck
451 W Waterbury Drive
Meridian, ID 83646
208-863-6957
rpurbeck@gmail.com
(Pro-Se)

U.S. COURTS

JUL 06 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

FEDERAL DISTRICT COURT

DISTRICT OF IDAHO

ROBERT PURBECK,

   Plaintiff,

vs.

SA JAMES PINETTE

SA RODERICK FRANKLIN COFFIN III

SA CLARK HARSHBARGER

AUSA NATHAN KITCHENS

~~AUSA MICHAEL HERSKOWITZ~~

   Defendant

Case No.: 1:21-cv-00047-BLW

MOTION IN OPPOSITION TO MOTION(S) TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; LACK OF SUBJECT MATTER JURISDICTION; AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

  Before the court is the Plaintiffs Motion in opposition to the following arguments made by each of the United States agents subject to Bivens complaints who are represented by AUSA James Schaefer.ECF-28, ECF 28-1, ECF-28-2, ECF 29, ECF 29-1, ECF 30, ECF 30-1, ECF 31.

## Insufficient Service of Process

  Plaintiff is in awe of the brazenness of the government attorney in making the argument that insufficient service of process was completed on each of the defendants when he failed to serve these motions to dismiss on plaintiff for nearly a month after they were filed in court. The government attorney was probably ready to lie to this court as so many other unethical

AUSA's have in the past against Plaintiff, until Plaintiff said he could prove that service of

process had not been effectuated by showing 2 months of Informed Delivery emails from USPS.

Apparently, it was a clerical error and should be excused.

**Schaefer, James (USAID)** <James.Schaefer@usdoj.gov>  Jun 17, 2022, 9:39 AM
to Jessica, me

Dear Mr. Purbeck,
    AUSA Crane forwarded your email to me because I represent Defendants Kitchens, Harshbarger, Pinette, and Coffin.
    On May 25, 2022, I e-filed separate motions to dismiss on behalf of each of my clients. Copies of those motions and the related memorandums of points and authorities are attached to this email
    You should have been served copies of these filings by mail. However, due to a clerical error, you were not served copies by mail. This oversight has been corrected; copies of the motions to dismiss and supporting memorandums of points and authorities were mailed to you this morning.
    Under Local Rule 7.1(c), parties have twenty-one (21) days from service of the memorandum of points and authorities to file and serve a response to a motion. Accordingly, I believe you have 21 days from today to file and serve your responses to my clients' motions to dismiss. If you need additional time to respond to the motions, please let me know and we can submit a proposed briefing schedule to the court.
Sincerely,
James Schaefer

**James Schaefer**
Assistant United States Attorney
District of Idaho

When the served documents arrived, they were all merged and printed out of order in a manner

that made them unreadable. Like every aspect of Mr. Purbecks experience with the government

the agents including officers of this court have behaved unethically and without the most basic

integrity.

      The defendants cannot claim they were not served. The clerk of the court sent

electronic copies of the filings to the government attorneys in Pacer and the In Forma Pauperis

statute places the service of process on the clerk of court to perform. Mr. Purbeck gave extra

copies of the complaints to the court to serve. Furthermore, on every filing Mr. Purbeck has sent

the filings via US Mail to the Attorney of record on Pacer: Darci Ward-Crane and Attorney

General Garland. Mr. Purbeck was not served with a copy of Mr. Schaefer's appearance, and

apparently neither was this court. The In Forma Pauperis statute allows for serving the

government attorneys representing the Bivens defendants. Mr. Purbeck could not know that Mr.

Schaefer who didn't properly serve the court or Plaintiff with a notice of appearance was now representing defendants versus Darci Ward-Crane.

The defendants cannot claim they were unaware of the content of the complaints. The government attorneys have read each document with interest and made repeated threats to jail plaintiff for exposing government crimes, which apparently the government thinks should be performed in secret under seal and only shown to judges who allow them to commit crimes brazenly in the Northern District of Georgia. AUSA Kitchens who is a listed defendant and has sworn in a declaration that they has not been served has made false statements in themselves declaration in violation of 18 USC § 1621. Ze was served by the clerk of the court on February 1st, 2021 and has received all subsequent documents. If ze was not served by the US Marshals at a later date plaintiff is not aware of how he could have remedied that under the In Forma Pauperis statute as that is handled by the clerk of Court and the US Marshalls office. To show the court that the listed defendants did receive the complaint and other documents look at the below email sent by defense counsel, on the first occasion where the AUSA's threatened to jail Mr. Purbeck for allegedly sharing evidence of their criminal behavior.

## Civil Lawsuit in Idaho

From    🔒 Andrew Hall <andrew@h3-law.com>    ☆ ✉ 📎 February 3rd, 2021

To    rpurbeck@protonmail.com

```
Good morning, Mr. Purbeck:

Last evening, AUSA Michael Herskowitz sent me the following complaint
that you filed on Sunday.  I would have preferred that (1) you did not
```

Each defendant was made aware of the contents of the filing by the clerk of the court and the governments lawyers who were mailed copies of every document as well as receiving them via ECF email. Agent Coffin in a sworn affidavit in front of retired Magistrate Judge Alan Baverman on September 30th, 2021 extensively laid out the details of a sealed document in this court and acknowledging that plaintiff had sued him for Excessive force as well as agent Pinette and presented the docket numbers from this court. He went into extensive detail about the allegations against all agents and the other charges allowed by this court. The defendants in this case are not unaware of the allegations against them.

While awaiting the results of the 9th circuit case and in subsequent months as the government has repeatedly presented evidence in the criminal discovery of damning evidence of wide-spread illegal activities performed by the AUSA's and case agents in this case Mr. Purbeck has not prosecuted the case because the government attorneys keep holding back slowly unveiling evidence of their own criminal activities in violation of every right secured by the bill of rights with the exception of the 3rd, 7th, and 8th amendments. There is no prejudice to the defendants while the case is not being prosecuted. In fact the Supreme Court just gave an enormous win to Agents Coffin, Pinette, and Harshbarger by striking down Tekoh v County of Los Angeles. A travesty for sure as plaintiff will never have a remedy for a 5th amendment violation in the kangaroo court of the Northern District of Georgia. Mr. Purbeck has been awaiting a time when he could ask this court to refile the complaint with new allegations against the AUSA's and each of the agents listed in this complaint as all of them have admitted to committing crimes or gross negligence in the District of Idaho, and against Plaintiff while in Atlanta in sealed documents in the ND Georgia.

So in conclusion for insufficiency of service of process, the Motions must be denied. The government attorneys for defendants have committed the same errors they claim plaintiff to have committed. The In Forma Pauperis statute tasks the Clerk of the court with serving the defendants which it did. The defendants have all received copies of the complaint and have had over a year to review it and the amended complaint. Plaintiff served the Attorney General and the government Lawyer of record Darci Ward Crane for all matters. In all subsequent documents Mr. Schaefer will be served along with the Attorney general. If this was inadequate may the court allow justice to be served by allowing plaintiff to remedy any inadequacy? Plaintiff attempted to comply with all service of process requirements in every aspect of the case. If his reading of the In forma Pauperis statute was incorrect it would be a miscarriage of justice to allow agents who tortured and sexually assaulted plaintiff to get away with the crime(s) when they were well aware of the charge(s) against them. No prejudice was born by the defendants even if they claim they did not receive adequate notice as they were all aware of the allegations and received copies of the complaint by ECF, by the clerk of court and their own attorney.

## Lack of Subject Matter Jurisdiction (Nathan Kitchens)

Nathan Kitchens alleges they[1] were not present in the home during the search of the home and even claims they have never visited Idaho. Ze presents no evidence to support that

---

[1] Mr. Purbeck will use non gendered pronouns to describe Nathan Kitchens as he is not aware of the pronouns Kitchens prefers. Being trans in Georgia must be rough. Kitchens appears from outward appearances to be a transitioning birthing person. If Kitchens would prefer gendered pronouns they can be included in the response and Mr. Purbeck will use the ones that make Kitchens feel most comfortable.

claim. Ze lied under oath multiple times in the criminal prosecution of Mr. Purbeck. Ze presented false nexus to get two court orders to spy on Mr. Purbeck's activity that was knowingly untruthful. Ze deliberately falsely represented a business that was allegedly breached was in the Northern District of Georgia and it was not. Ze knowingly presented IP addresses belonging to another user of Bitcoin in the State of Texas as being Mr. Purbeck. It was deliberately untrue. The evidence in discovery is clear that ze lied under oath to get these court orders. Ze then lent their authority for Agent Coffin to tip the scales into coaxing a judge into giving access to email accounts belonging to Mr. Purbeck. The same lies that were propagated in the court order requests were continued through the warrants. None of the warrants contained evidence of any crime for which a magistrate in the Northern District of Georgia could authorize a search of email accounts. When ze received copies of the email accounts ze scoured them conspiring to find any nexus whatsoever to the Northern District of Georgia. They were not searching for the evidence they claimed to have been searching for, only for a fake nexus to the ND Georgia. At all times the existence of a nexus to the Northern District of Georgia did not exist. Ze then read thorough emails outside the temporal limits of the warrants and collected emails covered by attorney client privilege and used them to build a case against plaintiff. Still absolutely no nexus to the Northern District of Georgia was present. Mr Herskowitz then used the same deceit and lent his authority in person to get a warrant from since retired Magistrate Bush in the district of Idaho. In a proffer which should have been damning against Mr. Purbeck the government agents and attorneys show how they had conspired to violate the 6th amendment rights of Mr. Purbeck by building a non-existent case to the N.D. Georgia where they know Mr. Purbeck would not be given a fair trial and then charge relevant conduct they were actually interested in. The government had determined before going to Idaho that they intended to charge an access device

fraud charge against plaintiff even if they did not find evidence of anything related to the terms of the warrant. They did not describe their desired intention to look for access devices in any of the warrant applications, but indeed that is exactly what they were looking for above all, because that is what they considered their strongest connection to the ND Georgia. They didn't find access devices, so they just stole all of Mr. Purbecks Credit cards, membership cards, gift cards and Silk Alpaca's Credit cards and claimed they were forfeitable. They verbalized in a recording that they had perjured themselves to the District court of Idaho for the true nature of the search. The 11th circuit has since ruled that this deliberate violation of the 6th amendment as unlawful in a statute that is very similar to the CFAA statute. United States v. Smith, No. 20-12667 (11th Cir. 2022)

Nathan Kitchens reached repeatedly into the District of Idaho to commit wire fraud against Mr. Purbeck. Ze perjured themselves to a grand jury claiming that the aforementioned business that ze claims was breached was in the Northern District of Georgia when ze knew it was not. With this perjury and fraud on the Grand Jury ze was given authority to seize materials from the 1980's onward about Mr. Purbeck from: Citigroup, Bank of America, JP Morgan Chase, Discover, ICCU, Cableone, American Express, OnDeck, Kabbage, Google, Oath, Apple, Coinbase, Gemini, Bitpay and others. When those materials did not establish a nexus to the Northern District of Georgia Kitchens stepped up their fraud and ze manufactured a fraud that Mr. Purbeck was involved with a hacking group. Ze collected materials from a supposed informant that was favorable to Mr. Purbeck, but Ze contorted it and then with Roderick Coffin conspired to commit 4th amendment crimes against Mr. Purbeck by lying to various magistrate judges within the Northern District of Georgia to get warrants and court

orders. In these warrants none of the IP addresses are accurate, or what the agents claimed them to be, or even matches the subpoenaed information. Bitcoin transactions are not what they claim they are. They deliberately lied about nexus to the ND Georgia. The information about the informant was deliberately fraudulent. The government doesn't dispute these claims they just think that criminal negligence and perjury should be covered by good faith. Even then Kitchens waited until pages 26-28 to make a good faith argument while not asking leave of the court to extend their motion past 25 pages. The good faith argument should be stricken for exceeding page limits. The entire gist of the governments response to the motion to suppress is that it was ok for the government to knowingly break 9th circuit law. Ze then scolded defense counsel for not making a long enough argument about choice of law favoring 9th circuit law, but defense counsel abided by the courts rules. The government not finding a law or rule that it can't break without consequence did what it always does in the Northern District of Georgia took extreme liberties to violate defendants rights. These warrants reached into Mr. Purbecks reasonable expectation of privacy and Mr. Purbeck still can't just show this court the passages in the warrants that are perjured and deliberately false because a magistrate judge in Georgia is obstructing justice to keep the government actors crimes under seal to protect them from further Bivens claims.

Kitchens appears to be someone who has never had the sun on they for an extended period of time. Ze has no tanning whatsoever probably because ze would sunburn very quickly. However, while in Mr. Purbecks house ze allowed Agents Coffin and Pinette to torture Mr. Purbeck in his backyard for the purpose of gaining encryption passwords. Ze did not stop them from leaving Mr. Purbeck in continuous UV 8 sunlight and 97F temperatures, and instead

conspired to destroy evidence of the 5th Amendment violation. A Brady recording that the government was required to preserve made by Ada county has been acknowledged as destroyed through negligence at a minimum. The agents have continued to commit perjury regarding the FBI audio recorder and the Miranda form that was signed after passwords and a confession were given. The government would not be able to make a successful argument that under 9th circuit law they did not deliberately violate Mr. Purbecks Miranda rights at a minimum. Ze profited from the torture in getting evidence from an encrypted hard drive that would not have otherwise ever been accessible to the government but for the torture of Mr. Purbeck. Absent the torture, there would be no possibility of a successful prosecution in the Northern District of Georgia. Rather than provide Brady evidence of torture to Mr. Purbeck Ze has deliberately hidden evidence and destroyed other evidence to prevent Mr. Purbeck from having a fair trial. Ze has also refused defense counsels request to access a laptop containing Brady evidence in the form of log files that would completely dismantle the governments argument for 3 charges in the indictment. This refusal to allow defense access is likely because the agents destroyed the data on the hard disk when imaging. Ze has also provided doctored evidence from an auditor Grant Thornton that is missing evidence that would have been present in the original logfile. Ze or his agents doctored it because it would destroy the government deliberately fraudulent theory of how an event might have transpired. Where Plaintiff with the original file would be able to prove with both the logfiles from his own computer and the original log files from the auditor that he was not present on the computers when the government is lying that he might have been. Even undoctored logfiles from the auditor would show the computer name that accessed the server at specific times. Plaintiff can prove what computer names he used and that they did not access the server in question during the times alleged by the government in another scheme by Ze and

Herskowitz to violate Mr. Purbecks 6th amendment rights this time for jurisdiction where a case can be tried. There was no nexus to the ND Georgia only Idaho if the allegations were even remotely true.

This is to say that Nathan Kitchens lacks credibility to make an unevidenced declaration that they have never been to Idaho and was not present during the search execution. Mr. Purbeck saw a moderately obese, double chinned, curly haired, effeminate, with no discernible Adam's apple, an unhealthy pallor, and a face exactly matching the image of Kitchens as seen on the video of the indictment hearing both sitting on Mr. Purbecks chair in his office and as the very last person to leave the house on the day of the search warrant execution. They were also present at the proffer session mere weeks after the search. Since it is still relatively rare in Idaho to see transitioning individuals, Mr. Purbeck has great confidence that Nathan Kitchens is in fact the same person who was in his home on the day of the search. The facial features are too similar. Ze a seemingly trans person is very recognizable. As the government has never produced a true copy of who was present during the search it is a matter for a fact-finder to decide who was present. [2]

---

[2] Clark Harshbarger prepared a 302 of who was supposedly present in the home during the execution of the search warrant but it contains many gaps and missing individuals such as Ada County Detective Ryan Pacheco and Steven O'Meara. There is also a Boise FBI agent who the government has been "unable" to locate because none of the agents can recall who he was primarily because his testimony would be favorable to Mr. Purbecks defense. Clark also failed to disclose the severe 4th amendment violation of an off-leash vicious drug sniffing dog being present on the real property and within the home. (Smith v. City of Hemet 394 F.3d 689 9th Cir. en banc 2005) Government counsel had read emails between Mr Purbeck and a friend where he detailed a fear of large dogs and so the government in violating Rettig (searching for drugs without probable cause) also conspired to use a drug dog to force a confession if heat torture didn't accomplish the task. Mr. Herskowitz was in Boise (and was very likely in the house) as he has admitted to Mr. Purbeck counsel as such and was instrumental in convincing Judge Bush to grant a warrant that contained knowingly false information. He was in Boise practicing law without a license in Idaho and instructing agents on how to commit crimes in Idaho that would be excused in the Northern District of Georgia such as violations of Rettig, deliberate over seizure, Miranda and Seibert 5th amendment violations. He would also have seen the extreme overseizure performed by the criminally negligent Clark

The government has admitted it violated McGrew in a motion to oppose a Motion to suppress filed in the Northern District of Georgia. It is beyond dispute that the McGrew violation was committed in violation of the 4th Amendment. Plaintiff would share the document but has been prohibited by Magistrate Judge Vineyard who is deliberately using his authority to obstruct justice in this instant case. It is further shown in ECF 28-1 that the government knowingly and deliberately violated the holding in Mcgrew and continues to maintain it doesn't matter that it violated plaintiffs 4th amendment rights. "Contrary to Purbeck's allegations, the Fourth Amendment did not require AUSA Kitchens to serve a copy of the warrant on Purbeck at the end of the search." (Page 3 ECF 28-1) 9 months of not showing what was allowed to be seized was a severe prejudice against plaintiff. The government confuses the problems of the violation of McGrew. The government has argued it did not have a copy of the affidavit on site and they didn't need to under 11th circuit law. That explains why the agents had no idea what was being seized. It would explain why SG heard one of the agents say he was looking for evidence of check kiting. Check kiting was not listed as a crime that was being investigated nor is it a crime that could even be performed since the Check 21 act went into effect in 2004. The agents had no idea what they were searching for. Herskowitz and Kitchens had to dispose of thousands of stolen pieces of mail and other property stolen from Mr. Purbecks house that have never shown up in discovery because even in the ND Georgia completely unrelated stolen documents would be a cause for concern for a 4th amendment violation if it exceeded a certain

---

Harshbarger with whom he conspired to destroy seized materials not complying with the warrant particularity and the Miranda form that showed a willful Seibert violation by Agents Pinette and Coffin.

threshold of items according to a case from the 11th circuit quoted by the government in a filing. The government's extreme prejudice in not providing the warrant for 9 months was to allow time for the government agents to dispose of illegally seized materials and put in order what they planned on keeping. It was very deliberate and was a calculated move performed to harm Mr. Purbecks prospects at winning a 41(g) motion for return of property and to deprive him of possessory interest. Mr. Purbeck seemed crazy in filings when he claimed thousands of items seized were not allowed to be seized were not listed either on the warrant return or allowed by the warrant. But now that Mr. Purbeck has been allowed to see what was seized Nathan Kitchens, Clark Harshbarger, Coffin, Pinette, and Michael Herskowitz conspired together and were involved in wholesale theft and destruction of property belonging to Mr. Purbeck. The return to magistrate Bush in August of 2019 sealed in this court confirms the government agents Bivens crimes. The government doesn't seem to dispute in filings that agents willfully seized items they were not permitted to seize. And they didn't even allow Mr. Purbeck to see what they intended to keep until months after indictment, more than 2 years after the theft occurred. That doesn't take into account the missing items that were too much for even the government attorneys to pretend were allowed to be seized like the 2 filing boxes of 5.25" floppy disks, the hundreds of personal pieces of mail, the stolen art doll, the missing cash, the missing collectors magazines, the missing silver coins. Kitchens lied to this court deliberately through Darci Ward-Crane that everything the government seized was subject to forfeiture even Plaintiffs childhood journal. That was perjury designed to prevent Mr. Purbeck from having possessory interest in his own lawfully acquired property. Nathan Kitchens as alleged in the complaint was complicit in the 4th amendment crimes of both theft and McGrew. Mcgrew is settled law for more than 20 years there is no extension of a right to sue. Nathan Kitchens maybe should not have been

engaging in the unlawful practice of law in Idaho where ze seemingly is unable to comprehend that warrants in the 9th circuit are not general warrants where you can search and seize anything you want and commit any crime under the guise of a perjury obtained warrant.

Nathan Kitchens has argued in the ND Georgia court it was ok to break 9th circuit law while executing the warrant, turning it into a general warrant because two of the agents were from Atlanta, and they didn't need to be acquainted with the law of the 9th circuit. He fails to mention the 14 or more other agents that were mostly from Boise. Ze seems to acknowledge repeatedly that at all points the two agents and the two AUSA's came from Atlanta and deliberately intended to break the law in the 9th circuit. They had no desire to be hamstrung by the 4th and 5th amendment law as codified in the 9th circuit and were at all times intending to torture encryption passwords from Plaintiff and were intending to steal property belonging to Mr. Purbeck, and had come to the home intending to look for anything that could establish a toehold into the ND Georgia court system. They brought a drug sniffing dog from New Jersey to search for evidence of drugs, but there was no probable cause for such a search and they didn't request that from Magistrate Bush. The government wanted to look for absolutely anything that gave them the ability to prosecute Mr. Purbeck in Georgia. This was a deliberate violation of Rettig. Kitchens and Herskowitz both knew they were breaking 9th circuit law, but did not care.

Kitchens also through Darci Ward-Crane lied to this court under oath with respect to the 41(g) return of property motion which was denied by this court. Ze knowingly entered a motion for forfeiture of property that had no connection whatsoever to the alleged crimes under investigation. When the 41(g) motion was appealed to the 9th circuit Ze returned property to Mr. Purbecks Attorney which could not have been seized for forfeiture or any other reason. By committing perjury to this court ze deliberately foreclosed an avenue of suppression that is the

one most appropriate in the criminal context pre-indictment. Ze has acknowledged in a subsequent filing that the agents might have committed theft and seized materials that they were not permitted by the warrant to seize. The following picture is some of the hundreds of items of property the government stole from petitioners home and then lied to this court about being subject to forfeiture in its response to the 41(g) motion. A second tranche of illegally seized materials including Plaintiffs childhood diary was eventually returned as well. That does not make up for the perjury and the illegal obstruction of possessory interest by the criminals Michael Herskowitz, Darci Ward-Crane and Nathan Kitchens.



Nathan Kitchens performed many unlawful actions against Petitioner in an investigatory rather than prosecutorial role. Ze reached continuously into the District of Idaho both by being present in Idaho and through repeated wire fraud to perpetuate crimes in violation of the 1st, 4th, 5th, and 6th amendments. As such Nathan Kitchens Motion to dismiss for lack of Personal Jurisdiction is a matter for a fact finder to decide with respect to charge IX.

**Clark Harshbarger, Nathan Kitchens – Extending Bivens**

Plaintiff when filing the amended complaint did not have access to the pictures that the FBI was hiding from him to obstruct justice. He had to describe the harms from memory. The governments attorney claims this is different from Bivens. How? Mr. Purbeck was left in extreme 97F heat, UV 8 sunlight, not given water, not allowed to leave his prison for 6 ½ hours, told he wouldn't be allowed to see his common law wife before going to jail unless the AUSA found his cooperation adequate, his request to call a lawyer was not honored, he was made to suffer all stages of heat illness, he was sexually assaulted and humiliated by one of Clarks officers. Clark badgered Mr. Purbeck for passwords without reading him his Miranda rights. He didn't have a copy of the Affidavit on the property while searching. He had no idea what they were searching for. He did not require the agents working for him to read the affidavit or possibly even the items to be seized as the agents just seized anything they felt like. Clark can't be bothered to remember what agent that wasn't on his 302 report he ordered to guard Mr. Purbeck in the backyard in the afternoon because it would be favorable to Mr. Purbeck for that reasonable and kind officer to testify on his behalf.

The governments attorney claims that Mr. Bivens house was searched from stem to stern. Mr. Harshbarger one upped Mr. Bivens. He stole items and recorded items that were not permitted by the warrant on his inventory sheets. He was complicit in the overseizure. If he didn't read the warrant he may not have had any idea what he was searching for. The government conceded the affidavit probably wasn't on site. The government hasn't said whether attachment B was on site. So the warrant may have been defective, and he had no idea what to search for. So he just grabbed anything he felt like. And he did it in the most destructive manner

possible. Look at this picture. It shows Mr. Purbecks bedframe thrown onto the front yard damaged and missing a leg from their destructiveness. Is that normal searching behavior?



FBI NMH_5502.jpg Modified to remove license plate number.

        Clark was from the Boise office of the FBI. He was versed in 9th circuit law. He knew it was unlawful for an unmuzzled, unleashed vicious animal to be roaming the house, but he allowed it. The 9th circuit has found that to be a severe violation of the 4th amendment. Its asking for harm to befall the occupants. He knew the law related to search and seizure or should have if he was going to be a search leader. It's interesting and hypocritical how the government is trying to drag this court into choice of law from the ND Georgia and the 5th circuit, when it argues the exact opposite in the ND Georgia. These are two of the most defendant unfriendly locations imaginable. But Clark wasn't from the ND Georgia. Even if he wanted to commit crimes that the ND Georgia allows he was obligated to comply with Rettig, and Tamura, and Kow. Not some obscure ruling from a magistrate judge in the ND Georgia. The District of Idaho has some very on point case law on what a warrant allows. For example, U.S. v. Barnes, 749 F.

Supp. 2d 1124 (D. Idaho 2010). In that case the government thought the seizure of any gun was allowed when the warrant allowed only to search for a specific gun. Here in this immediate case, Clark himself was looking for evidence of check kiting. Clark was looking for access devices, as evidenced by pictures and inventories of him seizing what he imagined were access devices, but were merely blank employee badges for access control, and credit cards belonging to Mr. Purbeck. They seized checkbooks. None of these were contraband or alleged in the affidavit as being fruits of crimes, or allowed to be seized.



FBI NMH_5482.JPG



FBI NMH_5551.jpg edited to remove card numbers. All belonged to Mr. Purbeck or Silk Alpaca Corporation and not permitted to be seized under the warrant.

Clark knew he was violating the constitution when he seized these and thousands of other items not permitted by the warrant. Credit and debt cards belonging to Mr. Purbeck are not somehow apparent evidence of crime. They weren't authorized to be seized under the warrant. So under what possible authority did he believe he could seize them? Two agents and AUSA's from Georgia who cajoled him into committing crimes? A deliberate indifference to the law? Or perhaps paraphrasing Nathan Kitchens theory in a ND Georgia filing ignorance of the law should allow criminal behavior by agents Coffin and Pinette in Idaho. Is that the answer? Or was he somehow relying on that obscure ND Georgia magistrates ruling rather than reading 9th circuit law and Idaho district court law that is actually precedential? Either way he committed deliberate crimes against Mr. Purbecks constitutional rights and Charge IX should stand.

## Conclusion

In Conclusion, Mr. Purbeck humbly requests that all of the motions be denied. If Mr. Purbeck was negligent in serving the parties, by failing to request summons he asks for an opportunity to cure the defect. The Defendants are not out of pocket anything, they have free representation and have not suffered any other adverse effects. They are all aware of the content of the filings including the sealed filings indicating they were served properly. Mr. Purbeck would also say that even experienced government attorneys and County Attorneys failed to follow service of process rules until reminded of their obligation more than 3 weeks later when Mr. Purbeck became aware that their might have been a filing in the district court he hadn't been served. Mr Purbeck received a court paper telling him his rights after Ada County had submitted a Motion to Dismiss and that motion to dismiss has also not been served on Plaintiff as of July 4th, 2022. Apparently more than three weeks after it was filed. Plaintiff read the unsealed Ada County

motion to dismiss on Pacer on July 4th, so will respond within 21 days since he just became aware of the contents of the filing even though he has not been served. If experienced government attorneys fail rule 4 consistently, Plaintiff should be given a chance to cure any deficiency.

Signed this ___4th__ day of July 2022

Robert Purbeck

FROM:
Robert Rurbeck
451 W. Waterbury
Meridian, ID 83646

TO:
District Court of Idaho
Clerks office
550 W. Fort Street
Boise, ID 83724

US POSTAGE PAID
$8.95
Origin: 83642
07/05/22
1557750642-17

PRIORITY MAIL 1-DAY®

0 Lb 5.40 Oz
1005

EXPECTED DELIVERY DAY: 07/06/22

SHIP TO:
BOISE ID 83724

USPS TRACKING #
9505 5150 5717 2186 0755 99

EP14F May 2020

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.