JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**JAMES P. SCHAEFER, CA STATE BAR NO. 250417**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-9375
Email: James.Schaefer@usdoj.gov

Attorneys for Defendant James Pinette

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT MONTY WILKINSON et al.,<br><br>　　　　Defendants. | Case No. 1:21-CV-00047-BLW<br><br>**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS (ECF NO. 31)** |

Defendant James Pinette, through his undersigned attorney, respectfully submits this reply in support of his Motion to Dismiss Plaintiff Robert Purbeck's Amended Complaint (ECF No. 19).

## I.　INTRODUCTION

After conducting an initial review of Purbeck's Amended Complaint pursuant to 28 U.S.C. § 1915, this Court allowed Purbeck to proceed on two excessive force claims against Agent Pinette. ECF No. 23 at 32; *see also id.* at 32 ("Plaintiff may not proceed on any other claims against any other Defendants at this time."). Agent Pinette demonstrated in his Motion to Dismiss that these claims should be dismissed for insufficient service of process because Purbeck never served a summons and the Amended Complaint on Agent Pinette. ECF No. 31-1.

**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS - 1**

Purbeck fails in his Opposition (ECF No. 36) to rebut the fact that his Amended Complaint should be dismissed as to Agent Pinette for insufficient service of process.[1] Indeed, Purbeck concedes that he never served a summons and the Amended Complaint on Agent Pinette as required by Rule 4 of the Federal Rules of Civil Procedure. Accordingly, this Court should grant Agent Pinette's Motion to Dismiss.

## II. ARGUMENT

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action when the plaintiff fails to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b)(5). To properly serve Agent Pinette, Purbeck was required to serve a summons and the Amended Complaint on Agent Pinette by December 27, 2021, *i.e.*, within 90 days of the Court's September 27, 2021, order allowing Purbeck to proceed against Agent Pinette. *See* FED. R. CIV. P. 4(e), (i)(3), (m). Because Purbeck never served a summons and the Amended Complaint on Agent Pinette, Agent Pinette moved to dismiss the Amended Complaint for insufficient service of process. ECF No. 31-1.

In his Opposition, Purbeck does not dispute that he never served a summons and the Amended Complaint on Agent Pinette. ECF No. 36 at 1-5. Instead, Purbeck argues that the clerk of the court was required to serve Agent Pinette because Purbeck is proceeding *in forma pauperis*. *Id.* Purbeck is wrong. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (holding that an *in forma pauperis* "plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service"); *see also*

---

[1] Purbeck spends much of his Opposition making unfounded accusations and alleging new, factually inaccurate, and legally flawed conspiracy theories. ECF No 36, *passim*. Because these accusations and unpled theories are not relevant to the resolution of Agent Pinette's Motion to Dismiss, Agent Pinette does not address them in this reply.

**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS - 2**

*Eriksen v. Washington State Patrol*, 308 Fed. Appx. 199, 200 (9th Cir. 2009) ("We reject the Eriksens' contention that the district court was responsible for effecting service."). Because Purbeck did not request that court officials serve a summons and the Amended Complaint on Agent Pinette, Purbeck remained responsible for effecting service on Agent Pinette. *Boudette*, 923 F.2d at 757. His failure to do so deprives this Court of personal jurisdiction over Agent Pinette. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Purbeck argues that Agent Pinette cannot claim that he was not served because both Agent Pinette and government attorneys had actual notice of this lawsuit. ECF No. 36 at 3. This argument fails as a matter of law. "Although 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint,' neither 'actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *St. John v. Kootenai Cnty., Idaho*, 2022 WL 1748267, at *8 (D. Idaho May 31, 2022) (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (internal quotation and citation omitted)). As discussed above and in Agent Pinette's Motion to Dismiss, Purbeck has not made service in substantial compliance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, this Court lacks personal jurisdiction of Agent Pinette. *Omni Capital Int'l*, 484 U.S. at 104.

Purbeck has not and cannot establish good cause for his failure to properly effect service. As an initial matter, Purbeck's "ignorance of or confusion about service requirements does not constitute 'good cause' for failure to serve. This is true even though he is not represented by counsel, because '[p]ro se litigants must follow the same rules of procedure that govern other litigants.'" *Jones v. Dovery*, 2008 WL 510820, at *1 (S.D. Cal. Feb. 22, 2008) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS - 3**

Moreover, Purbeck cannot establish good cause because he has not prosecuted this action with reasonable diligence as required by Rule 41(b) of the Federal Rules of Civil Procedure. *See Eriksen v. Washington State Patrol*, 2006 WL 1376883, at *1 (E.D. Wash. May 18, 2006), affirmed in relevant part, vacated in part on other grounds, 308 F. App'x 199 (9th Cir. 2009). In the nine months since this Court allowed Purbeck to proceed against Agent Pinette, ECF No. 23 at 31-32, Purbeck has done nothing to advance this case. Instead, Purbeck claims that he has been "awaiting a time when he could ask this court to refile the complaint with new allegations against the AUSA's and each of the agents listed in the complaint . . . ." ECF No. 36 at 4.

Given that Purbeck has not established good cause for his failure to serve Agent Pinette and Purbeck's stated intention to file a new complaint at some point in the future, this Court should dismiss the Amended Complaint as to Agent Pinette without prejudice for insufficient service of process.

## III. CONCLUSION

For the foregoing reasons, Purbeck's Amended Complaint should be dismissed without prejudice as to Agent Pinette.

Respectfully submitted this 20th day of July, 2022.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:


        /s/ James P. Schaefer
        JAMES P. SCHAEFER
        Assistant United States Attorney

**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS - 4**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following party by:

| | |
|---|---|
| Robert Purbeck<br>451 W. Waterbury Dr.<br>Meridian, Idaho 83646 | ☒ United States Mail, postage prepaid<br>☐ Fax<br>☐ ECF filing<br>☐ Email |

*Jessica Black*
Legal Assistant

**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION TO DISMISS - 5**