Robert Purbeck
451 W Waterbury Drive
Meridian, ID 83646
208-863-6957
rpurbeck@gmail.com
(Pro-Se)

FEDERAL DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>Plaintiff,<br><br>vs.<br><br>ADA COUNTY<br><br>Defendant | Case No.: 1:21-cv-00047-BLW<br><br>MOTION FOR SANCTIONS – SPOLIATION - FAILURE TO ABIDE BY LITIGATION HOLD – CONCEALING EVIDENCE |

Legal Authority Cited: Woods v. Scissons, No. CV-17-08038-PCT-GMS (D. Ariz. Aug. 14, 2019)

Before the court Plaintiff makes a motion to sanction the Defendant Ada County and the Government for spoliation of evidence essential to prosecuting this case and for use in his criminal defense.

# FACTS

Detective Ryan Pacheco and Ada County IT Director entered the home of Mr. Purbeck on August 21st, 2019. They did this without a warrant and not at the search team leaders request. This is confirmed in Clark Harshbargers 302 of the events of August 21st, 2019. Clark laid out 16 individuals who assisted in conducting a search warrant of Plaintiffs residence, the employees of Ada County were not there at his request.

Detectives Ryan Pacheco and Steven O'Meara walked through the home and entered the fenced backyard of Plaintiff and sat in chairs next to James Pinette for the purpose of

interrogating Mr. Purbeck. In evidence only released by the government in the past week on July 19th, 2022 the government produced a report from two computer forensic personnel who were aiding in the search of Mr. Purbecks home. They provide a timeline that confirms Mr. Purbecks earlier accusations of a substantial long interrogation in the hot sun by Coffin and Pinette before cracking and giving a password. The password for a veracrypt volume was disclosed right before 11:09 a.m. when the technicians began taking pictures of computer equipment found in a bedroom assigned as an office and then began working on them. The interrogation of Mr. Purbeck began sometime before 8:01 as seen in pictures of an agent in body armor blocking Mr. Purbecks access to his home. After that fist part of the interrogation there was a second part of the interrogation with Pinette and Coffin as born out in their contemporaneous notes. 6 pages of notes by agent Coffin and 12 pages of notes by Pinette. The Password was disclosed at approximately page 8 of Pinettes notes so an imprecise extrapolation of the pace of the interrogation would place the interrogation ending at around 4 hours and 42 minutes if pages of notes were at a relative constant. So sometime around 12:30. This left Mr. Purbeck in the sunlight for nearly 5 hours without a break on one of the hottest days of 2019. Coffin left sometime during the second distinct portion of the interrogation.

  Ada County could not have arrived until after 12:30 to conduct their Human Resources interrogation. It hasn't been sussed out yet how they came into possession of emails belonging to Mr. Purbeck that were work product privileged between Mr. Purbecks Attorney representing him in an Idaho Personnel Commission hearing that occurred in 2016. But the government has produced in discovery that they had used email warrants as a general warrant to capture emails and ESI through 3 different service providers. Many of the particularized emails were attorney client privileged and the warrant did not allow for seizing work product and

attorney client privileged messages. What Mr. Purbeck had shared in candor with his IPC attorney was in the possession of Ada County when they interrogated Mr. Purbeck for an interrogation that ended with his immediate dismissal. During this relatively brief exchange with Ada county, only one page of contemporaneous notes was produced by James Pinette. Approximately a 23 minutes interrogation using the same calculations as above. However, this interrogation was reasonably contiguous with the other 2 where the government has insisted it did not provide Miranda warnings. Mr Purbeck disputes they did not provide Miranda warnings. He was forced to sign an FD-395 advise of rights form that has disappeared in discovery after he disclosed passwords. The government has also insisted that Mr. Purbeck was imagining a long silver digital audio recorder being placed in his face. So that is where the importance of Ada Counties recording became so vital.

Detective Pacheco was in possession of an audio recorder and did provide a Miranda like warning. Detective Pacheco has admitted he took a recording of the interrogation that was conducted inside the fenced backyard of Mr. Purbecks residence.

Mr. Purbeck was terminated without an opportunity to contest the charges or participate in a name clearing hearing on August 21st, 2019. Mr. Purbeck sent an email to Ada County HR on May 12th[1] of 2020 requesting a copy of the employee manual that was in use on August 21st, 2019. This should have been the first sign to alert Ada County HR of pending litigation

---

[1] The government produced discovery on May 12th including a copy of the search warrant issued by Magistrate Bush, and two Fd-302's of the interrogation of Mr. Purbeck on August 21st, 2019. The FD-302's contained numerous false statements and a completely different perspective on how the interrogation occurred including a lack of acknowledgement of Miranda warnings. Mr. Purbeck had to start building an alternative evidentiary path now that he knew the agents intended to commit perjury in a future hearing.

involving an encounter with Ada County. On May 13th, 2020 Mr. Purbeck used the official FOIA system in place at Ada County to again request the document after human resources told him where to make the request.

**Public Records Request Form - Human Resources**

Noreply@adacounty.id.gov &lt;noreply@adacounty.id.gov&gt;   Wed, May 13, 2020, 11:06 AM
to me

*Note: Idaho Code § 74-113, 115 & 120 permit Ada County to verify requestor's identity for the purpose of: Protecting personal information in compliance with state and federal law, and to ensure this information is NOT for purposes such as mailing/solicitation list or to supplant a discovery procedure.*

Name: Robert Purbeck                                           Date: 05/13/2020
Address: 451 W Waterbury Drive           Phone: [iPhone]       Fax:
City: Meridian           State: Idaho    Zip: 83646            Email: rpurbeck@gmail.com
Department Requesting Information From: Human Resources
Prefered Delivery Method: EMail

**Description of Requested Information**

Please send me a copy of the employee handbook that was in effect on 8/21/2019. Thank you
Requestor's Signature: Robert purbeck

*Please do not reply directly to this email, mailbox is not monitored*

  The requested document was provided same day which was then sent to Mr. Purbecks criminal defense attorney.

  Mr. Purbeck was reticent to make any requests for evidence from Ada County without alerting them that their recordings were essential to his defense as it appeared the government was going to destroy their own recordings. During this time Mr Purbeck was finding working with his first court appointed attorney unbearable. The attorney refused to request pertinent evidence from Ada County.

> **Preservation order**
>
> **Robert Purbeck** <rpurbeck@gmail.com>
> to Santoso
>
> Jan 6, 2020, 1:49 PM
>
> Hi Sandy,
>
> I would like you to request a preservation order from the court. There is an extreme risk of spoliation in my case. Without requesting the information this corrupt AUSA will likely not be forthcoming with Brady evidence. We will be able to impeach the agents immediately with copies of the audio recording that they made during the initial interview.
>
> I need the following items and any and all other evidence preserved and ordered protected by the court so that the prosecutor doesn't allow for its destruction.
>
> 1. All audio recordings from agent James Pinnette from August 21st, 2019. He had the same digital audio recorder that he had at the proffer with him the whole day of August 21st. He was required to record the entire conversation per DOJ policy from 2014. He jammed it in my face anytime he heard something he thought would be useful in the prosecution. Those audio files can be used to impeach his 302.
>
> 2. Body cam recording from Ryan Pacheco. He had his Axxon body cam on him during the interview. Sheriff department policy required its use at all times except when interviewing domestic violence victims. This recording can also be used to impeach James Pinnette's 302. It will further show how sunburned I was and the mental fatigue and signs of severe heat exhaustion I was under during the interview. Your contemporary ██████████ was extremely interested in why Agent

Mr. Purbeck made a request for a new attorney and was granted a hearing via zoom on July 7th, 2020. During the hearing Mr. Purbeck specifically asked Magistrate Baverman if he could issue an order to preserve recording evidence, but he declined to help in that matter. When a new attorney was granted it took awhile to get up to speed with the new attorney. Mr Purbeck was increasingly becoming worried Ada County would destroy their recordings. By August when his new attorney hadn't sent a litigation hold request he did it himself. Mr. Purbeck made a FOIA request that contained formal litigation hold verbiage in it. This is recorded as Ada County PIR P2022671 entered on approximately August 10th, 2020.

**Description of Requested***

On August 21st 2019 Detective Ryan Pacheco and Stephen O'Meara conducted an interview at 451 W Waterbury Drive, Meridian, ID 83646 of myself along with FBI agent James Pinnette. I need a copy of the interview that was recorded with Detective Pacheco's Axxon body camera. If you cannot provide a copy please be advised it will be subpoenaed and needs to be preserved. If there are any other recordings showing the general conditions of the interview I will need copies of those to include photographs or audio recordings.
Thank you

**Delivery Method**

◯ Please mail the record(s) to me
◯ I will pick up the record(s)
◉ Please email the record(s) to me

Please note that NOT ALL OLD RECORDS MAY BE EASILY FOR ELECTRONIC DELIVERY in which case we will send any documents via US Postal Service

| | |
|---|---|
| 1 | RE: New PIR Request - PIR#202671  Inbox |
| 2 | Public Information request <pirequest@adacounty.id.gov>  Thu, Aug 13, 2020, 2:00 PM |
| | to me |
| 3 | Dear Mr. Purbeck: |
| 4 | We have received your request for information. In regard to your request for records, we are unable to process your request within the statutory (3) |
| | working (business) days. A longer period of time (10 days) is necessary to locate, retrieve and review the records requested. Please refer to Idaho Code §74- |
| 5 | 103. Your patience in this matter is appreciated. We will be forwarding you a response in writing within ten (10) working (business) days. If you have any |
| | questions, please feel free to contact us. |
| 6 | Brooke McMahon |
| | Public Information Specialist |
| 7 | Ada County Sheriff's Office |

## ADA COUNTY SHERIFF'S OFFICE

Stephen Bartlett, Sheriff

August 20, 2020

Mr. Robert Aaron Purbeck
451 W. Waterbury Drive
Meridian, ID 83646

RE: REQUEST FOR INFORMATION

Dear Mr. Purbeck,

We have received your request for information. Your request for on body video, audio, and photographs is being denied in accordance with Idaho Code §74-105(1) and §74-124(1)(a), which provide for denial of items that are still under investigation. Please note, this matter is still under investigation with the Federal Bureau of Investigation and you should contact their agency with questions regarding the status of this case.

The process to release and deny documents has been reviewed by our legal counsel. This response provides records held by the Ada County Sheriff and does not contain information held by other Ada County officials nor any other law enforcement agency. All record responses may be appealed by filing a petition in conformance with the provisions of the Idaho Code Title 74, Chapter 1. Your petition must be filed in the Fourth Judicial District Court of Idaho within one hundred and eighty (180) calendar days of the mailing of this notice. Any release of public records is not permission to allow you to republish or otherwise make use of the records in violation of state or federal trademark and/or copyright law. If you have any additional questions, please contact the Public Information Desk at (208) 577-3012.

Sincerely,

STEPHEN BARTLETT
Ada County Sheriff

Brooke McMahon
Public Information

On Mr. Purbecks insistence, his criminal defense attorney made a request for these same records that Ada County was on notice needing to provide. This is Ada Counties response.

## ADA COUNTY SHERIFF'S OFFICE
Stephen Bartlett, Sheriff

October 22, 2020

Andrew C. Hall
Hall Hirsh Hughes, LLC
Attorneys at Law
150 East Ponce De Leon Avenue, Suite 450
Decatur, GA 30030

Re: Preservation of Detective Ryan Pacheco's Body Camera from August 21, 2019

Dear Mr. Hall:

I am the Chief Legal Advisor for Ada County Sheriff's Office. Sheriff Bartlett has forwarded me your letter dated September 25, 2020, and asked me to respond in regard to preservation of records concerning an investigation into your client, Robert Purbeck.

I have reviewed the matter and can confirm that we have preserved all of the written report developed by Detective Pacheco as related to this case. In regard to video, Detective Pacheco has informed me that no video exists as he was not equipped with an officer body-worn camera or video recording device when he interviewed your client.

Finally, as for the audio recording made by Det. Pacheco when interviewing your client, I regret to inform you that the audio file was corrupted and lost during a data transfer from the detective's recording device to his computer. It could not be recovered by our I.T. department.

Sincerely,

STEPHEN BARTLETT
Ada County Sheriff

Terry R. Dexten
Chief Legal Advisor

## Remedy

The government was required to preserve this evidence. It contained evidence of torture which is a defense to be used in a criminal trial. Mr. Purbeck put Ada County on notice as soon as May 12th, 2020 that the county was likely going to be involved in litigation. He made a formal litigation hold request on August 10th, 2020. During this timeframe the government was trying to

force a plea deal for a crime that Mr. Purbeck might not have committed.[2] He was only provided the 2 interviews from the FBI agents and the search warrant and a loss report that agent Coffin prepared. That was the sum of the evidence the FBI provided while trying to force a plea deal. Mr. Purbeck has doubts that he even breached the Newnan Police Department so he couldn't make the deal. It would have been untruthful.

Mr. Purbeck does not have a remedy for the destruction of the recording in his criminal case. The agents have already seemingly created a version of events that does not comport with Mr. Purbecks recollections. The government forced his defense counsel to provide a list of items that could even be brought up in the suppression hearing so that the agents will have additional time to build a narrative. These so-called Touhy letters are unconstitutional in the 9th circuit in criminal cases. U.S. v. Bahamonde, 445 F.3d 1225 (9th Cir. 2006). This recording was essential to Mr. Purbecks defense of both this civil case and his criminal case.

Ada County and the government both had an equal need to preserve this recording. United States v. Zaragoza-Moreira, 780 F.3d 971 (9th Cir. 2015). Mr. Purbeck cannot present a

---

[2] Roderick Coffin appears from his own reports to have planted evidence in Mr. Purbecks home during the search warrant execution on August 21st, 2019. Mr. Purbeck is preparing a separate motion for sanctions for alteration of evidence. Coffin was in possession of two Seagate model SRD0NF2 hard drives that he forensically prepared 4 days before the execution of the warrant with serial numbers NA8B08G5 and NA8XZLR4 according to forensics report he filled out on that day. One of the drives he came to Boise with was the last item checked in by Agent Harshbarger and was immediately given back to Coffin where there is no chain of custody for 6 days. The serial number NA8B08G5 purporting to belong to Mr. Purbeck was prepared on August 17th, 2019 in an Atlanta FBI office and contains all the evidence of any breaches occurring in the Northern District of Georgia and is the entire basis of indictment in Georgia. The hard disk has a tag on the drive showing Coffin had it in his possession on August 17th, 2019. When the techs took a picture of it they took a picture on the opposite side from where the dated tag was located. The forensics reports of his imaging further shows the destination drive was formatted on September 18th, 2019 and then he changed the date on the imager to August 27th 2019 to match his report. This alteration of evidence is likely why Mr. Purbeck had no recollection of breaching Newnan Police department during a proffer session where his attorney took notes and noted that Mr. Purbeck did not have knowledge of the breach. FBI Bates 4703-4763, along with several pictures, and a report titled IWRCFL-report only provided to defense counsel on July 19th, 2022, contains the evidence of the alterations

complete defense in the Northern District of Georgia, and he equally cannot just point to the evidence in this instant case. A fact finder should have been able to look to the physical evidence not just Mr. Purbecks impassioned version or the agents equally defensive version of events. Mr. Purbeck is further disadvantaged as the government refused to allow him to call a lawyer and so it is his version against two officers. Similarly, Mr. Purbeck suffered heat illness and one of the signs is mental confusion and memory loss. This recording was necessary to present a complete defense. The government has refused to find out the details of how it was lost as part of its Brady obligations.

At a minimum Mr. Purbeck requests an adverse inference[3] for the fact finder from the loss of this evidence. Summary judgement would also be an applicable remedy because the loss of this recording is so great that a due process violation was committed by Ada County and the Government. A third remedy would be eliminating a Heck v Humphrey defense by the defendants if Mr. Purbeck is convicted since his due process rights to present a proper defense were foreclosed by this evidence destruction.

Plaintiff humbly requests that the court create a remedy for the spoliation whether it was deliberate or unintentional.

Signed this ___24th___ day of July 2022

/s Robert Purbeck

---

[3] Woods v. Scissons, No. CV-17-08038-PCT-GMS (D. Ariz. Aug. 14, 2019)

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served upon :

James Schaefer
1290 W. Myrtle Street
Suite 500
Boise, ID 83702

[Insert Attorney's Name Address and Indicate Attorney for Appellant or Appellee]

Certified mail 9507 1065 9741 2206 8841 09

by placing the same, postage prepaid in the United States Mail on this the 25th day of July, 20 22

_____
[Signature]

451 W. Waterbury Dr
Meridian, ID 83646
[Party's address]


Pro. Se
[Indicate here if acting *pro se*]

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served upon :

Andrew Jenkins
200 W. Front St Rm 3191
Boise, ID 83702

[Insert Attorney's Name, Address and Indicate Attorney for Appellant or Appellee]

Certified Mail 9507 1065 9741 2206 8841 23

by placing the same, postage prepaid in the United States Mail on this the 25th day of July, 2022.

_____
[Signature]

451 W. Waterbury Dr
Meridian, ID 83646
[Party's address]

Pro Se
[Indicate here if acting *pro se*]

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL®

PRESS FIRMLY TO SEAL · PRESS FIRMLY TO SEAL

ed delivery date specified for domestic use.
omestic shipments include up to $50 of insurance (restrictions apply).*
racking® included for domestic and many international destinations.
international insurance.**
sed internationally, a customs declaration form is required.
oes not cover certain items. For details regarding claims exclusions see the
ail Manual at http://pe.usps.com.
national Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ATE ■ ANY WEIGHT

TRACKED ■ INSURED

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

S0000100001 4

POSTAGE REQUIRED

FROM: R. Porbeck
451 W. Waterbury Dr
Meridian, ID 83646

PRIORITY MAIL®

U.S. POSTAGE
$8.95
83642 0005
PM
Date of sale
07/25/22
06   2S SSK
11488041
9348207251 41904

EXPECTED DELIVERY DAY: 07/26/22

0005

SHIP TO:
Clerk of Court
U.S. District Court
Suite 400
BOISE ID 83724

USPS TRACKING® NUMBER

9505 5065 9741 2206 8841 47

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.