UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MONTY WILKINSON et al,<br><br>    Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

In its initial review order, the Court granted Plaintiff Robert Purbeck's application to proceed *in forma pauperis* on certain claims in his Amended Complaint. *Initial Review Order,* Dkt. 23. Purbeck was permitted to proceed on his excessive force claims against Defendants Pinette and Coffin, his Fourth Amendment claims against Defendants Harshbarger and Kitchens, and his substantive due process claim against Ada County.

Now, all defendants have moved to dismiss the amended complaint for insufficient service of process. Dkt. 28, 29, 30, 31, 33. Defendant Kitchens also argues for dismissal based on lack of personal jurisdiction and failure to state a claim. Dkt. 28. Defendant Harshbarger similarly asks for dismissal for failure to

state a claim. Dkt. 29. Moreover, Purbeck moves for sanctions against "Ada County and the Government". Dkt. 44. For the reasons discussed below the Court will deny the motions to dismiss brought by Defendants Coffin, Pinette, and Ada County. Dkt. 30, 31, 33. The Court will grant Defendant Kitchens's and Defendant Harshbarger's motions to dismiss. Dkt. 28, 29. The Court will deny Purbeck's motion for sanctions. Dkt. 44.

## DISCUSSION

### A.   Motions to Dismiss for Insufficient Service of Process

All defendants have moved to dismiss under Rule 12(b)(5) on the grounds that Purbeck has failed to effect sufficient service of process. Where a defendant challenges the method of service of process under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, Purbeck argues that he has served defendants because the clerk of court sent electronic copies of the filings to defendants' attorneys. Dkt. 36 at 2-3; Dkt. 43 at 6. Even though defendants had notice of the suit, this is plainly insufficient service of process under Rule 4. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," neither "actual notice,

nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (internal quotation and citation omitted).

Because defendants were not properly served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made in a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id; see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.").

Good cause is present here. When the Court granted Purbeck's application to proceed in forma pauperis under 28 U.S.C. § 1915, it failed to appoint a process server. *See Initial Review Order,* Dkt. 23. Although Ninth Circuit caselaw indicates that the Court's obligation to do so may attach only once a plaintiff requests

**MEMORANDUM DECISION AND ORDER - 3**

service[1]—which Purbeck did not do initially, but has now done, *see* Dkt. 36 at 5, Dkt. 43 at 6—it is the Court's general practice to order service sua sponte for all in forma pauperis plaintiffs. Fed. R. Civ. P. 4(c)(3). The Court may appoint a United States marshal or deputy marshal for this purpose. *Id.; see also* 28 U.S.C. § 1915(d); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472, 483-485 (1995). The Court's oversight in this regard constitutes good cause. The Court will therefore deny the motions to dismiss for insufficient service and direct the United States Marshall Service to serve process for Plaintiff.[2]

### B. Defendant Harshbarger's Motion to Dismiss

Next up is Defendant Harsbarger's motion to dismiss the claims against him. Purbeck's claim arises out of the events of August 21, 2019, when law enforcement officials executed a search warrant at Purbeck's residence. *Amended*

---

[1] *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An [in forma pauperis] plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service. [The in forma pauperis plaintiff] did not request service by the marshal and so remained responsible for timely service."); *Eriksen v. Wash. State Patrol*, 308 F. App'x 199, 200 (9th Cir. 2009) ("We reject the [plaintiffs'] contention that the district court was responsible for effecting service.") (citing *Boudette*, 923 F.2d at 757).

[2] Of course, counsel for the Defendants whose claims are not dismissed by this decision are free to accept service on their clients' behalf and avoid physical service of process at their clients' business or home.

*Complaint*, Dkt. 19 at ¶ 7-9. At the end of the search, FBI Agent Harshbarger left Purbeck with an inventory sheet. *Id.* at ¶ 46. In Count IX, Purbeck claims that as "search team leader," Harshbarger "had a duty to properly identify items seized." *Id.* at ¶ 48. Purbeck alleges that he has identified numerous items[3] "that were not authorized to be seized and were not included on the inventory sheet." *Id.* In its Initial Review Order, the Court allowed Purbeck to proceed on those allegations. Defendant Harshbarger invites the Court to reconsider that decision, arguing that Count IX of the amended complaint fails to state a claim. Upon further review, the Court agrees.

    The in forma pauperis statute direct the Court review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915(e)(2)(B). Although the Court has already done so in this case, the statute further directs the Court to dismiss a complaint or any portion thereof that fails to state a claim upon which relief may be granted "[a]t any time"—even after its

---

[3] The items allegedly seized illegally include "[w]ork product from a lawsuit that Mr. Purbeck was involved in Pro-Se, other legally privileged paper documents including documents from his bankruptcy attorney, and trustee, 5 silver coins issued by national mints, $35 Canadian currency, Sealed issues 1-6 of Bitcoin Magazine worth $3000 as of May, 2021, .03 Bitcoin worth as much as $1800 in the past 30 days, a one of a kind art doll who was used as Instagram page star worth over $450, Bank statements belonging to a corporation, along with foreign tax documents for the corporation." *Id.*

**MEMORANDUM DECISION AND ORDER - 5**

initial screening. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Detailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* (cleaned up). That is, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and plaintiff's injury or damages. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

After reviewing the amended complaint, the Court agrees with Harshbarger that Purbeck fail to state a claim against him for numerous reasons. Most critically, Purbeck's allegation that the identified items "were not authorized to be seized" is conclusory. Purbeck fails to support this conclusion with any discussion of what

**MEMORANDUM DECISION AND ORDER - 6**

seizures the warrant authorized and why the identified items were outside its scope. *Iqbal*, 556 U.S. at 678. Although the Court initially concluded otherwise, it is now persuaded that this is not enough to state a plausible Fourth Amendment claim.

Moreover, even if that were a valid Fourth Amendment claim generally, Purbeck has not stated a claim against Harshbarger. It is not enough to allege that Harshbarger's team illegally seized items, because Harshbarger "may not be held liable for the unconstitutional conduct of [his] subordinates under a theory of *respondeat superior*." *Id*. at 676. Purbeck has not claimed that Harshbarger, through his "own individual actions," such as illegally seizing items or knowing about his team's illegal seizures, "has violated the Constitution." *Id*. At best, Purbeck alleges that Harshbarger failed to prepare an accurate inventory sheet, but that is a violation of Federal Rule of Criminal Procedure 41(f)(1)(B), not the Fourth Amendment. *See United States v. Hubbard*, 493 F. Supp. 209, 1979 U.S. Dist. LEXIS 9824 (D.D.C. 1979), *aff'd,* 668 F.2d 1238, 215 U.S. App. D.C. 206, 1981 U.S. App. LEXIS 17192 (D.C. Cir. 1981) (failure to complete inventory is merely ministerial violation of Rule 41 and does not affect validity of search); *see also United States v. Banks*, 540 U.S. 31, 35 (2003) ("The Fourth Amendment says nothing specific about formalities in exercising a warrant's authorization. . . .").

When granting a 12(b)(2) motion to dismiss, the Court ordinarily considers

**MEMORANDUM DECISION AND ORDER - 7**

whether justice requires leave to amend the dismissed complaint. Fed. R. Civ. P. 15(a)(2). Here, the Court has already granted leave to amend once. *See Order*, Dkt. 15. Therefore, the Court will summarily dismiss Purbeck's claims against Harshbarger in Count IX without leave to amend.

### C. Defendant Kitchens's Motion to Dismiss

Count IX also contains claims against Assistant United States Attorney Nathan Kitchens, which he also moves to dismiss. Purbeck claims that "at the scene of the search . . . [h]e was only allowed to hold the warrant for mere moments." Dkt. 19 at ¶ 47. He alleges that Kitchens promptly ordered the warrant "removed from his hands by the FBI Photographer," but then "handed back the inventory sheets and the warrant cover sheet." *Id.* Based on Purbeck's momentary review, "[h]e believes the attachment containing the place to be searched was present, and possibly the items to be seized but not the affidavit." *Id.*

On initial review, the Court found that based on these alleged facts—agents either briefly presented or did not present a warrant containing a sufficiently particular description of the items to be seized to him—Purbeck made a colorable claim under *United States v. McGrew*, 122 F.3d 847 (9th Cir. 1997). After reviewing the amended complaint with the benefit of Kitchens's briefing, the Court recognizes that it misapprehended the facts. The story does not end on the day of

**MEMORANDUM DECISION AND ORDER - 8**

the search. Purbeck further alleges that 9 months later he "was allowed to see what could be seized, despite an absolute requirement that a constitutionally sufficient warrant be provided at the end of a search." *Id.* The Court takes this to mean that Purbeck received a copy of the complete warrant 9 months after the search. Purbeck's briefing confirms this interpretation. *See Pl. Br.* at 12, Dkt. 36 ("The government's extreme prejudice in not providing the warrant for 9 months was to allow time for the government agents to dispose of illegally seized materials and put in order what they planned on keeping."); *id.* at 11 ("9 months of not showing what was allowed to be seized was a severe prejudice against plaintiff.").

With that factual background clarified, the Court turns to Kitchens's motion to dismiss. Kitchens argues two bases for dismissal: the Court lacks personal jurisdiction over him and he is entitled to qualified immunity. On both fronts, he prevails.

### 1. Personal Jurisdiction

On a motion to dismiss a complaint for lack of personal jurisdiction, "'the plaintiff bears the burden of establishing that jurisdiction is proper.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). When, as here, the "motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand

the motion to dismiss.'" *Id.* (citation omitted). If the defendant offers evidence in support of the motion, the "plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Id.* (citation omitted) (alteration in the original). Instead, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (citation omitted). However, "uncontroverted allegations must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Ranza*, 793 F.3d at 1068 (citation omitted).

Where, as here, there is no applicable federal statute governing the assertion of personal jurisdiction over an out-of-state defendant, the district court applies the law of the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). However, the assertion of personal jurisdiction under the law of the forum state must also be consistent with the Due Process Clause. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Idaho's long-arm statute, codified at Idaho Code § 5-514, allows a broader assertion of personal jurisdiction than allowed under the Due Process Clause. *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676

F. Supp. 2d 1114, 1119 n.2 (D. Idaho 2009). Thus, under Idaho law, personal jurisdictional analysis and federal due process analysis are the same. *Id.*

The exercise of personal jurisdiction over an out-of-state defendant complies with federal due process "only if he or she has certain minimum contacts with the relevant forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (internal quotation and citation omitted). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

This case is quite straightforward. As an initial matter, Purbeck does not allege facts that would suggest that Kitchens is subject to general jurisdiction in Idaho. Kitchens submitted a declaration stating that he lives and works in the State of Georgia and no other facts are before the Court to establish that Purbeck has met the "fairly high" standard of a prima facie showing of general jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Therefore, only the question of specific jurisdiction is at issue.

Specific, or "case-linked," jurisdiction requires the "defendant's suit-related conduct" to have "a substantial connection with the forum state." *Walden v. Fiore*,

**MEMORANDUM DECISION AND ORDER - 11**

571 U.S. 277, 284 n.6 (2014) (citation omitted). The Court allowed Purbeck to proceed against Kitchens only as to Count IX, which alleged that Kitchens unconstitutionally executed a search warrant at Purbeck's home. Taken as true, that allegation establishes personal jurisdiction.

But that bare allegation is not enough here, because Kitchens has submitted a declaration stating that he was not present when the search warrant was executed and has never visited Idaho. Dkt. 282. Purbeck has not "come forward with facts, by affidavit or otherwise" to rebut that evidence. *Amba Mktg. Sys., Inc.*, 551 F.2d at 787. The Court is not bound by Purbeck's pleadings because Kitchens submitted evidence that conclusively rebuts the foundational fact of jurisdiction. *See Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone."). Because the Court determines that its jurisdiction has not been properly invoked, Kitchens's motion is granted.

### 2. Qualified Immunity

Kitchens further argues that the Court should dismiss the claims against him because he is entitled to qualified immunity. The in forma pauperis statute instructs

the Court to dismiss a complaint or any portion thereof that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016) ("[A] district court may dismiss a claim on qualified immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii), but only if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity.").

Qualified immunity "protects government officials from suits for money damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017) (internal quotation and citation omitted). Because the Court may address the two elements—whether a right was violated and whether the right was clearly established at the time of the alleged misconduct—in any order, it will look to the second element first. *Id.* (citation omitted).

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). "[C]learly established law should not be defined at a high level of generality," but "must be particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation and citation

omitted). Although Supreme Court precedent "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

The issue here is whether there is a clearly established Fourth Amendment right to have a sufficiently particular description of the items to be seized sooner than nine months after the execution of a search warrant. In answering that question, the Court starts with the Supreme Court's decision in *Grubbs*. The Supreme Court held that "neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41" require an officer executing a search warrant to "present the property owner with a copy of the warrant *before* conducting his search." *United States v. Grubbs*, 547 U.S. 90, 98-99 (2006) (emphasis added). So, the issue is whether there is a clearly established Fourth Amendment right to have a copy of the warrant within a certain time frame *after* a search.

Purbeck relies on *United States v. McGrew*, 122 F.3d 847 (9th Cir. 1997) to argue there is. Indeed, in that case the Ninth Circuit held that "[i]t is the government's duty to serve the search warrant on the suspect, and the warrant must contain, either on its face or by attachment, a sufficiently particular description of what is to be seized." *Id.* at 850. Notably, however, the Ninth Circuit did not set a

**MEMORANDUM DECISION AND ORDER - 14**

timeline for *when* the government must serve the search warrant. Moreover, after *Grubbs*, the Ninth Circuit reversed course. As Kitchens correctly points out, the Ninth Circuit later held that based on *Grubbs*, the "argument that the Fourth Amendment required the search team to provide all defendants a copy of the affidavit fails." *United States v. SDI Future Health*, 568 F.3d 684, 701 (9th Cir. 2009). Based on these cases, the Court concludes that the Fourth Amendment right Purbeck asserts was not clearly established at the time of the alleged violation. Moreover, further research has not produced any additional cases to illuminate the issue. Accordingly, the Court concludes that Defendant Kitchens is entitled to qualified immunity and the claims against him must be dismissed.

### D. Purbeck's Motion for Sanctions

Finally, the Court will take up Purbeck's motion for sanctions against "Ada County and the Government for spoliation of evidence essential to prosecuting this case and for use in his criminal defense." Dkt. 44 at 1. The Court takes "the Government" to mean the remaining federal defendants, Pinette and Coffin. Plaintiff's reply brief confirms this is an appropriate interpretation.

Purbeck's motion rehashes much of his amended complaint, which the Court has already addressed. *Initial Review Order*, Dkt. 23. When all the unrelated allegations are cleared away, his argument is quite straightforward. On August 21,

**MEMORANDUM DECISION AND ORDER - 15**

2019, law enforcement officials executed a search warrant at Purbeck's home and interrogated him. Detective Ryan Pacheco made an audio recording of the interview. When Purbeck tried to obtain that audio recording in the spring and summer of 2020—apparently for use in both his federal criminal case in Georgia and this civil case—he was told that the audio file as corrupted and lost in a data transfer from Pacheco's computer. Purbeck argues that this constitutes spoliation of evidence and, accordingly, seeks sanctions.

"Spoliation of evidence is the destruction or significant alteration of evidence, or the failure to properly preserve property for another's use as evidence in pending or reasonably foreseeable litigation. . . . Where, as here, spoliation of evidence occurs before the litigation is filed, the sanctions are governed by the inherent power of the Court to make evidentiary rulings in response to the destruction of relevant evidence." *State Farm Fire & Cas. Co. v. GM, Ltd. Liab. Co.*, 542 F. Supp. 3d 1124, 1128 (D. Idaho 2021) (citation and quotation omitted). "The Ninth Circuit has not set forth a precise standard for determining when spoliation sanctions are appropriate, but the majority of trial courts have adopted the following test: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the

**MEMORANDUM DECISION AND ORDER - 16**

party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (citation, quotation, and alteration omitted). The party seeking spoliation sanctions bears the burden of showing the test is met. *Id.* Purbeck has failed to do so here.

As an initial matter, Purbeck has not alleged, much less established, that the federal defendants, Coffin and Pinette, had control over the audio recording. He has neither alleged now shown that either of them ever had possession of the recording or the legal right to demand the recording from Ada County. *See United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand."). Accordingly, as to Coffin and Pinette, Purbeck has not made the requisite showing as to the first element and his motion for sanctions against them is denied.

The Court turns next to Ada County. Starting again with the first element, during the period before litigation, a party has a duty to preserve evidence that it "should reasonable know . . . may be relevant to anticipated litigation." *State Farm Fire & Cas.*, 542 F. Supp 3d at 1128 (quotation and citation omitted). "The majority of courts have held that pre-litigation destruction can constitute spoliation when litigation was 'reasonably foreseeable' but not where it was 'merely possible.'" *Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11-cv-00249-BLW, 2012

**MEMORANDUM DECISION AND ORDER - 17**

U.S. Dist. LEXIS 143633, at *18 (D. Idaho Oct. 2, 2012).

Here, the only evidence before the Court shows that the audio recording was lost sometime in late 2019.[4] *Pacheco Decl.*, Dkt. 49-1 at ¶ 9. This case was filed in early 2021. Dkt. 1. By Purbeck's own admission, "the first sign to alert Ada County HR of pending litigation" came on May 12, 2020, when he made a written request for the employee manual in use on the day of his termination. Dkt. 44 at 3. In other words, Purbeck has not offered any evidence or argument that this litigation was reasonably foreseeable in late 2019, when the evidence was lost. The Court sees no reason, based on the facts alleged in the complaint, that the present litigation would have been reasonably foreseeable to Ada County in late 2019. The Court therefore concludes that Ada County did not have an obligation to preserve the recording until months after it was already lost. Accordingly, Purbeck has failed to establish the first element of a spoliation claim against Ada County and his motion for sanctions must be denied.

---

[4] Detective Pacheco explains that in late 2019, while working on another case, he realized his audio recordings "were not being stored in the correct format." *Pacheco Decl.*, Dkt. 49-1 at ¶ 9. After adjusting the settings to store the recordings in a format that could be uploaded, "all of the stored audio recordings disappeared from the device. After consulting with IT, it was determined the files could not be recovered." *Id.*

# ORDER

IT IS ORDERED that:

1. Defendant Ada County's motion to dismiss (Dkt. 33) is DENIED.

2. Defendant James Pinette's motion to dismiss (Dkt. 31) is DENIED.

3. Defendant Roderick Coffin's motion to dismiss (Dkt. 30) is DENIED.

4. Defendant Clark Harshbarger's motion to dismiss (Dkt. 29) is GRANTED. Plaintiff's claims against him are dismissed with prejudice.

5. Defendant Nathan Kitchens's motion to dismiss (Dkt. 28) is GRANTED. Plaintiff's claims against him are dismissed with prejudice.

6. Plaintiff's motion for sanctions (Dkt. 44) is DENIED.

7. The Clerk of the Court is directed to issue summonses and provide the United States Marshals Service with a copy of the docket, Plaintiff's Amended Complaint (Dkt. 19), the Initial Review Order (Dkt. 23), and the instant order to be served upon the remaining defendants—James Pinette, Roderick Coffin III, and Ada County.

DATED: October 14, 2022

B. Lynn Winmill
U.S. District Court Judge