UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>        Plaintiff,<br><br>    v.<br><br>RODERICK COFFIN III, JAMES PINETTE, and ADA COUNTY,<br><br>        Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On August 21, 2019, federal and local law enforcement officials executed a search warrant on the home of Plaintiff Robert Purbeck. This case primarily arises out of the search and interrogation conducted that day. To some extent, however, it also includes the resulting arrest and pending federal criminal case in the Northern District of Georgia. The Court will not repeat the full factual summary here. *See Initial Review Order*, Dkt. 23.

Purbeck filed his first complaint in January 2021. Dkt. 1. The Court dismissed that complaint with leave to amend. Dkt. 15. Purbeck filed an amended complaint. Dkt. 19. The Court dismissed all claims except the excessive force claims in Counts I and VIII, a Fourth Amendment claim in Count IX, and a

**MEMORANDUM DECISION AND ORDER - 1**

substantive due process claim in Count VII. Dkt. 23. Later, the Court granted a motion to dismiss the Fourth Amendment claim. Dkt. 56. As such, the governing complaint currently consists of excessive force claims against Agents Coffin and Pinette and a substantive due process claim against Ada County.

Purbeck now moves to amend his complaint again. Dkt. 54. For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

### A.     Screening Requirement

The Court must review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### B.     Amendment

Leave to amend a complaint should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. These factors, however, are not given equal weight. Futility of amendment can, by itself,

justify the denial of a motion for leave to amend." *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (citations and quotations omitted).

### C. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Detailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* (cleaned up). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (cleaned up). Furthermore, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

**MEMORANDUM DECISION AND ORDER - 3**

A plaintiff cannot simply restate standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and plaintiff's injury or damages. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The in forma pauperis statute gives screening judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (a case is frivolous if it is "of little weight or importance: having no basis in law or fact"). Even a complaint that is not obviously delusional, but that does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Purbeck seeks to add claims under 42 U.S.C. § 1983, the civil rights statute.

**MEMORANDUM DECISION AND ORDER - 4**

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Purbeck alleges claims against federal agents who were not operating under color of state law as well as against Ada County officials. Although § 1983 does provide a cause of action against the Ada County officials, § 1983 does not provide a cause of action against federal agents not operating under color of state law. However, the Court will liberally construe Purbeck's claims against federal agents as *Bivens* claims.

The United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* permits plaintiffs to sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. 403 U.S. 388 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

### A. Claim I: Excessive Force

In its initial review order, the Court permitted Purbeck to proceed on his excessive force claim against Agents Coffin and Pinette. Dkt. 23 at 9-10. In his proposed amended complaint, Purbeck proposes to amend the complaint to add

some allegations about what the agents testified to at a suppression hearing in his criminal case. *See, e.g.* Dkt. 55 at 5 ("Agent Coffin testified he searched Mr. Purbeck's person for cell phones he had in his pockets despite no authority in the warrant to search Mr. Purbeck"); *id.* at 6 ("Pinette lied to the district court about handling the cat, but his demeanor was very odd something the transcript won't properly capture."). Moreover, Purbeck inserts slightly modified Counts II and III—which the Court dismissed in the initial review order—into Count I.

On the whole, the additions are not new allegations but merely more elaborate narrative. To the extent they are allegations, the Court has already determined they fail to state a claim. As such, the Court finds the amendments to Count I are futile and will not be permitted.

### B.     Count II: Fourth Amendment Unreasonable Search and Seizure

Count II of the proposed amended complaint is more narrative than allegation. At bottom, Purbeck claims that Agents Coffin and Pinette searched him for weapons and contraband and ordered him to turn over his cell phone. Dkt. 55 at 12-13. Purbeck alleges that they did not have a warrant to search his person, making this an unreasonable search and seizure in violation of his Fourth Amendment rights.

To state a Fourth Amendment claim, Purbeck must allege facts that show an

unreasonable search and seizure. A warrantless search and seizure is not per se unconstitutional or unreasonable. *See, e.g., Illinois v. McArthur*, 531 U.S. 326 (2001); *Warden v. Hayden*, 387 US. 294 (1967); *United States v. Leon*, 468 U.S. 897 (1984). Here, Purbeck has not provided additional facts surrounding the allegedly unlawful seizure of his property that would allow the Court to find that the seizure was objectively unreasonable. In fact, the only fact he offers is that his phones were not visible to the officers. Dkt 55 at 13. He also offers the conclusion that the officers knew he did not have weapons, but it is not supported with any discussion about how or why they would have known that. Purbeck thus fails to state a claim for a Fourth Amendment violation.

### C. Count III: Fourth, Fifth, and Fourteenth Amendment Unreasonable Extension of *Summers* Detention

Count III focuses on Ada County's involvement in the August 21, 2019 search. The claim is primarily an elaborate narrative. Reading between the lines, Purbeck claims that his constitutional rights were violated because he was interrogated by Ada County officials for an internal investigation related to his job for 30-45 minutes after federal law enforcement finished their search.

Purbeck is correct that detention that is improperly extended or "carried out in an unreasonable manner" violates the Fourth Amendment. *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994). Here, however, Purbeck's allegation

**MEMORANDUM DECISION AND ORDER - 7**

that he was detained during the Ada County investigation, after the search warrant was executed, is "supported by mere conclusory statements." *Iqbal* 556 U.S. at 678. He says that he was "in custody for Miranda purposes." Dkt. 55 at 14. He fails support this conclusion with any discussion of law enforcement conduct that would amount to detention beyond the fact that he was "surrounded by as many as 7 armed agents." *Id.* That is simply not enough to state a claim.

### D. Count VI: Criminal Conversion

Count VI of the proposed amended complaint alleges a claim of "criminal conversion" against Agent Harshbarger. The claim is very similar to Count IX of the governing amended complaint. The only real addition is a discussion of Federal Rule of Criminal Procedure 41(f)(1)(C) and some conclusory allegations at the end of paragraph 44. The Court has already dismissed this portion of Purbeck's complaint for failure to state a claim. *See Order*, Dkt. 56 at 4-8. The added discussion does not alter the Court's analysis. Purbeck may not amend his complaint to add this claim.

### E. Count VII: Contempt of Court

In Count VII, Purbeck alleges that Defendants Herskowitz and Sistla obtained sealed filings from his Ninth Circuit appeal in this case and used them in open court in a September suppression hearing in the Northern District of Georgia.

**MEMORANDUM DECISION AND ORDER - 8**

Contempt of court is not federal cause of action, but a motion brought in a civil case. Moreover, "[a] motion for contempt must be filed with the court that issued the order allegedly violated." *Allen v. McKay*, No. 1:20-cv-00015-BLW, 2020 U.S. Dist. LEXIS 191291, at *5 (D. Idaho Oct. 14, 2020). In this case, the motion must be brought in Purbeck's Ninth Circuit case. Count VII fails to state a claim upon which relief can be granted.

F.   **Count VIII: Fourth Amendment Trespass to Chattels**

Count VIII focuses on the forfeiture order in Purbeck's pending criminal case. His allegation is basically that the government has illegally taken his property because "[t]he warrant clearly did not allow for most of the seizures that occurred under the terms of warrant particularity." Dkt. 55 at 20. He further includes an elaborate narrative about Assistant United States Attorneys lying to various federal courts. *See* Fed. R. Civ. P. 8(a).

Purbeck's allegations that the seizures were not authorized by the warrant is conclusory. Purbeck fails to support this conclusion with any discussion of what seizures the warrant authorized and why some items were outside its scope. *Iqbal*, 556 U.S. at 678. This is not enough to state a plausible Fourth Amendment claim.

G.   **Count IX: Fourth Amendment Extortion**

In Count IX, Purbeck complains that the Assistant United States Attorney in

his pending criminal case has failed to return certain digital devices to him. He alleges that Defendant Herskowitz has offered to return some items later "if Mr. Purbeck provided encryption passwords" and that amounts to "Hobbs Act extortion." Dkt. 55 at 22.

Purbeck cannot bring a claim under the Hobbs Act, because it "is a criminal statute, and nothing in the language of the statute or the legislative history suggests that Congress intended to create a private cause of action. Because there is no private cause of action, plaintiff cannot state a claim based on the Hobbs Act." *Addison v. Cal. Inst. for Men*, 2016 U.S. Dist. LEXIS 176906, 2016 WL 8732476, *9 (C.D. Cal. 2016) (citations omitted). *See also Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011) ("The complaint also included a number of obviously frivolous claims; for example, a violation of the Hobbs Act (a criminal statute that does not provide a private right of action) . . . ."); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-409 (8th Cir. 1999) (holding that the Hobbs Act does not provide a private cause of action, noting that every court to consider the issue had so concluded, and gathering cases).

Moreover, Purbeck cannot incorporate his Hobbs Act claim into a § 1983 claim. *Addison*, 2016 U.S. Dist. LEXIS 176906, 2016 WL 8732476 at *9 (citation omitted) ("Plaintiff also cannot proceed by way of § 1983 based upon an alleged

violation of the Hobbs Act because a § 1983 claim requires the plaintiff to assert the violation of a federal right, not merely a violation of federal law."). Purbeck has not and cannot state a claim for extortion under the Hobbs Act in this case.

### H. Count X: CFAA Fraud

The allegation in Count X also falls under a federal criminal statute, the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030. This statute specifically provides a private right of action. *See* 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."). Nevertheless, Purbeck's allegations are insufficient to state a claim under the CFAA.

All of the violations listed under subsection (a) of § 1030 require either (1) intentionally or knowingly accessing a computer without authorization or exceeding authorization, (2) intentionally or knowingly damaging a protected computer without authorization, (3) knowingly trafficking in any password or other information through which a computer may be accessed without authorization, or (4) intentionally extorting money or other thing of value. *See* 18 U.S.C. § 1030(a).

Purbeck alleges that Defendants Sistla and Herskowitz violated the statute by accessing sealed Ninth Circuit filings. He claims that in so doing, the

**MEMORANDUM DECISION AND ORDER - 11**

defendants "downloaded documents form a protected government computer that they knew they were not parties to and not authorized to view." Dkt. 55 at 23. Again, this amounts to a mere recital of the elements and conclusory statements, which do not suffice to state a claim. *Iqbal*, 556 U.S. at 678 (2009).

## I. Count XI: Fifth Amendment

In Count XI, Purbeck alleges that agents violated his Fifth Amendment right against self-incrimination by obtaining a password through coercive means—"promises of leniency, and physical pain and suffering." Dkt. 55 at 23. The Court takes the allegations to relate to the interrogation on August 21, 2019. Purbeck claims that soon after law enforcement arrived at his home, Agent Pinette and Agent Coffin began interrogating him outside. *Id.* at 4. Purbeck says that after several hours "[t]he agents demanded the encryption password to a computer inside" and "told him they knew about his hacking activities." *Id.* at 56. Purbeck alleges that he gave the agents a password and made inculpatory admissions because he was "extremely sunburned, dehydrated, suffering heat exhaustion and extremely uncomfortable." *Id*. at 9. Purbeck further alleges that that password was presented in the suppression hearing held in the Northern District of Georgia on September 1-2, 2022. *Id.*

Purbeck made similar claims in his first amended complaint. In its initial

**MEMORANDUM DECISION AND ORDER - 12**

review order, the Court dismissed this claim because "[h]e does not allege specific facts to demonstrate that the allegedly coerced statement has subsequently been used in criminal proceedings. He cannot cast his civil Complaint as a motion to suppress." Dkt. 23. Purbeck has now filled that gap. He has alleged coercion and the use of the compelled statement in a criminal case against him, which is enough to allege a violation of the Fifth Amendment's self-incrimination clause. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). However, Purbeck's claim still fails.

Purbeck alleges that Agents Coffin and Pinette violated his Fifth Amendment right against self-incrimination. The Supreme Court recognized an implied private right of action against federal officials under the Fifth Amendment due process clause in *Davis v. Passman*, 442 U.S. 228 (1979). But the Court has not recognized a private action for the self-incrimination claim alleged here. Because Purbeck's claim is materially different from the Fifth Amendment claim in *Davis*, it presents a "new context." The Court must therefore consider whether to imply a new *Bivens* remedy.

Courts that have addressed this issue have declined to extend *Bivens* to permit a cause of action for violation of the self-incrimination clause of the Fifth Amendment. *See, e.g., Chavez v. Wynar*, 421 F. Supp. 3d 891, 910 (N.D. Cal. 2019) ("Plaintiffs have never cited any authority to support the proposition that

**MEMORANDUM DECISION AND ORDER - 13**

the Fifth Amendment's right against self-incrimination . . . may give rise to a *Bivens* claim. . . .In fact, the United States Supreme Court has repeatedly held that 'expanding the *Bivens* remedy is now considered a disfavored judicial activity.' *Ziglar*, 137 S. Ct. at 1857."); *Williams v. O'Donnell*, No. 3:19-CV-00418-BR, 2020 U.S. Dist. LEXIS 211593, at *21-23 (D. Or. Nov. 12, 2020) (same); *Brownlee v. Hunt*, No. 3:20-CV-001, 2020 U.S. Dist. LEXIS 43881, 2020 WL 1897178, at *5 (M.D. Pa. Mar. 12, 2020) (same). In Lee v. *Janosko* the court also declined to extend *Bivens* to the plaintiff's claim that the defendant violated the self-incrimination clause noting

> several special factors counsel[] hesitation to expand *Bivens*. . . . For example, Congress has not been silent on the issue of coerced confessions. Rather, through 18 U.S.C. § 3501, Congress specifically addressed the admissibility of confessions in criminal cases and, in doing so, did not create a damages remedy for coercive interrogation tactics. As explained in *Ziglar*, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Ziglar*, 137 S. Ct. at 1865. Moreover, courts have specifically refused to extend *Bivens* to coercion-based claims arising out of the criminal process, stating: "Expanding *Bivens* in this fashion would have a chilling effect on law enforcement officers and would flood the federal courts with constitutional damage claims by the many criminal defendants who leave the criminal process convinced that they have been prosecuted and convicted unfairly." *Vennes v. An Unknown No. of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994).

No. 2:18-CV-01297, 2019 U.S. Dist. LEXIS 94692, 2019 WL 2392661, at *5 (W.D. Pa. June 6, 2019).

**MEMORANDUM DECISION AND ORDER - 14**

The Court adopts the reasoning of *Chavez, Williams*, and *Lee* and declines to extend *Bivens* to alleged violations of the Fifth Amendment's self-incrimination clause. Accordingly, Purbeck fails to state a claim in Count XI.

Additionally, the claim against Assistant United States Attorneys Sistla and Herskowitz is futile. Purbeck does not allege that these defendants coerced the statements, but that they violated his constitutional rights by using the statements in the criminal case against him. This claim is futile because "prosecutors and judges have absolute immunity for any act performed in their prosecutorial and judicial capacities" including introducing a statement that violates the self-incrimination clause. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

Purbeck's also fails to state a § 1983 claim against Detective Pacheco. The claim alleges only that the "unlawfully acquired password form" was used in a court proceeding, which is a requisite for a Fifth Amendment § 1983 claim. But Purbeck does not allege that Detective Pacheco was in any way involved in obtaining the password. His claim against Detective Pacheco therefore fails.

### ORDER

**IT IS ORDERED that:**

1.  Plaintiff's Motion to Amend Complaint (Dkt. 54) is **DENIED in part with**

**MEMORANDUM DECISION AND ORDER - 15**

**prejudice and in part without prejudice**.

a. The motion is denied with prejudice as to Counts VI, VII, IX, and XI, because those claims are fatally flawed.

b. The motion is denied without prejudice as to Counts II, III, VIII, and X because Plaintiff may be able to cure the deficiencies as to those proposed new claims.

DATED: December 27, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 16