# EXHIBIT A

JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**JAMES P. SCHAEFER, CALIFORNIA STATE BAR NO. 250417**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: James.Schaefer@usdoj.gov

Attorneys for Defendants Roderick Coffin and James Pinette

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>       Plaintiff,<br><br>       v.<br><br>RODERICK COFFIN III, JAMES PINETTE, and ADA COUNTY,<br><br>       Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**DEFENDANTS RODERICK COFFIN AND JAMES PINETTE'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF No. 19)** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Roderick Coffin (Agent Coffin) and James Pinette (Agent Pinette) (collectively, Defendants) hereby respond to the allegations in the Amended Complaint (ECF No. 19) of Plaintiff Robert Purbeck (Purbeck). The paragraph numbers below correspond to the paragraph numbers in Plaintiff's Amended Complaint.  To the extent the headings in Plaintiff's Amended Complaint make substantive allegations, Defendants deny the allegations.

    1.    Defendants deny Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint and, therefore, deny the same.

3. Defendants deny Paragraph 3 of Plaintiff's Amended Complaint except admit that it contains a request by Plaintiff.

4. Defendants deny Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants admit only that they are FBI Agents. As to the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of such allegations and, therefore, deny the same.

6. Defendants admit only that Agent Coffin assisted the United States in applying for a search warrant. Defendants deny the remaining allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants admit only that they were present when the United States executed a search warrant at Plaintiff's home on August 21, 2019. Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants deny Paragraph 8 of Plaintiff's Amended Complaint.

9. Paragraph 9 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 8 of Plaintiff's Amended Complaint.

10. Defendants deny Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants deny Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants deny Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants deny Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants deny Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants deny Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants deny Paragraph 16 of Plaintiff's Amended Complaint.

17. Paragraph 17 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 16 of Plaintiff's Amended Complaint.

18. Defendants deny Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants deny Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants deny Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants deny Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants deny Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendants deny Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny Paragraph 26 of Plaintiff's Amended Complaint.

27. Paragraph 27 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required.  To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 26 of Plaintiff's Amended Complaint.

28. Defendants deny Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendants deny Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants deny Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny Paragraph 31 of Plaintiff's Amended Complaint.

32. Paragraph 32 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 31 of Plaintiff's Amended Complaint.

33. Defendants deny Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny Paragraph 34 of Plaintiff's Amended Complaint.

35. Paragraph 35 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 34 of Plaintiff's Amended Complaint.

36. Defendants deny Paragraph 36 of Plaintiff's Amended Complaint except admit only that Detective Pacheco had an audio recorder.

37. Paragraph 37 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 36 of Plaintiff's Amended Complaint.

38. Defendants deny Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny Paragraph 39 of Plaintiff's Amended Complaint.

40. Paragraph 40 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 39 of Plaintiff's Amended Complaint.

41. Defendants deny Paragraph 41 of Plaintiff's Amended Complaint.

42. Paragraph 42 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 41 of Plaintiff's Amended Complaint.

43. Defendants deny Paragraph 43 of Plaintiff's Amended Complaint.

44. Defendants deny Paragraph 44 of Plaintiff's Amended Complaint.

45. Paragraph 45 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 44 of Plaintiff's Amended Complaint.

46. Defendants deny Paragraph 46 of Plaintiff's Amended Complaint except admit only that Plaintiff was provided with a copy of the search warrant.

47. Defendants deny Paragraph 47 of Plaintiff's Amended Complaint.

48. Defendants deny Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny Paragraph 49 of Plaintiff's Amended Complaint.

50. Paragraph 50 of Plaintiff's Amended Complaint contains no allegations and, therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their responses to Paragraphs 1 through 49 of Plaintiff's Amended Complaint.

51. Defendants deny Paragraph 51 of Plaintiff's Amended Complaint.

52. Defendants deny Paragraph 52 of Plaintiff's Amended Complaint.

53. Defendants deny Paragraph 53 of Plaintiff's Amended Complaint.

54. Defendants deny Paragraph 54 of Plaintiff's Amended Complaint and that Plaintiff is entitled to any relief.

55. Defendants deny Paragraph 55 of Plaintiff's Amended Complaint and that Plaintiff is entitled to any relief.

56. Defendants deny Paragraph 56 of Plaintiff's Amended Complaint and that Plaintiff is entitled to any relief.

57. Defendants deny Paragraph 57 of Plaintiff's Amended Complaint and that Plaintiff is entitled to any relief.

58.     Defendants deny Paragraph 58 of Plaintiff's Amended Complaint and that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

The following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief.  In addition, in asserting the following defenses, Defendants do not admit the burden of proving the allegations or denials contained in the defenses but, to the contrary, assert that by reason of the denials and/or by reason of the relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses are upon Plaintiff.  Moreover, in asserting any defense, Defendants do not admit the allegations but, to the contrary, specifically deny any and all allegations of responsibility and liability in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim, including because it fails to state a cognizable *Bivens* claim.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFNSE

Plaintiff's injuries, damages, and losses, if any, were caused by his own negligence, carelessness, or recklessness.

DEFENDANTS RODERICK COFFIN AND JAMES PINETTE'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (ECF No. 19) - 6

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part by his failure to mitigate.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel based, in part, on: (1) the Report and Recommendation issued by Judge Russel G. Vineyard, United States Magistrate Judge, in *United States v. Robert Purbeck*, Case No. 3:21-CR-0004-TCB-RGV at ECF No. 87 (R&R); and (2) the Order issued by Judge Timothy C. Batten, Sr., Chief United States District Judge, adopting Judge Vineyard's R&R, *id.* at ECF No. 96.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants believe that they may have additional defenses to Plaintiff's Amended Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses.  Accordingly, said Defendants reserve the right to supplement their Answer and add additional defenses as discovery in this case progresses.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Amended Complaint not otherwise expressly admitted, qualified, or denied.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants deny that Plaintiff is entitled to any recovery and pray that this Court dismiss Plaintiff's Amended Complaint,

enter judgment in favor of Defendants, award Defendants both their costs and such other relief as the Court deems just and proper.

Respectfully submitted this __th day of _____ 2023.

                JOSHUA D. HURWIT
                UNITED STATES ATTORNEY
                By:

                */s/ James P. Schaefer*
                JAMES P. SCHAEFER
                Assistant United States Attorney

                *Attorneys for Defendants Roderick Coffin*
                *and James Pinette*