Robert Purbeck
451 W Waterbury Drive
Meridian, ID 83646
208-863-6957
rpurbeck@gmail.com
(Pro-Se)

FEDERAL DISTRICT COURT

DISTRICT OF IDAHO

ROBERT PURBECK,

    Plaintiff,

vs.

SA JAMES PINETTE

SA RODERICK FRANKLIN COFFIN III

vs.

ADA COUNTY

    Defendant

Case No.: 1:21-cv-00047-BLW

PLAINTIFFS REPLY TO MOTIONS FOR JUDGEMENT ON THE PLEADINGS

    Comes now Plaintiff, Robert Purbeck in opposition to James Pinette and Roderick Coffins Motions for judgment on the pleadings. For the following reasons the motions should be denied. The facts must be decided by a factfinder whether by jury or by judge. With respect to Roderick Coffin the defense of qualified immunity should be denied entirely because he meets the definition of *"plainly incompetent or those who knowingly violate the law"* (emphasis added) under the objective test of Malley v Briggs. With respect to James Pinette the 9th circuit has instructed that sexual assault is not covered under qualified immunity. The doctrine of Collateral Estoppel as a defense should be denied because the civil depositions have shown Roderick Coffin committed outright provable perjury in the suppression hearing. Further with respect to both officers the suppression hearing only covered a small subset of the time where Mr. Purbeck was subjected to excessive force by the defendants. Further while purporting to comply with 9th circuit law, the adopted opinions of the magistrate and Court absolutely did not comply with ninth circuit law. Nor should the idea of this action extending a new Bivens context be entertained as other courts have put these officers on notice and common-sense would obviate a finding that only the most incompetent (including Magistrate Vineyard) could believe leaving a person in the hot sun all day in temperatures

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 1

exceeding 90 degrees without constant water wouldn't have detrimental effects to their health including heat exhaustion and sunburn. Finally, Massaquoi can be differentiated because the vast majority of the search was conducted unlawfully and can not be shielded by good faith. This final point requires a hearing, because the court in the ND Georgia deliberately avoided making findings showing constitutional violations under 9th circuit law that have been uncovered in the civil discovery, but were on the record from an illegally obtained sealed 9th circuit affidavit that Magistrate Vineyard made unintelligent sexist false findings from.

**Qualified Immunity**

Qualified immunity should not be granted to Roderick Coffin in particular for the excessive force claim because first and foremost he is plainly incompetent and should not be an FBI agent. Mr. Purbeck will point to numerous examples where Coffin was directly responsible for violations of the law.

" Purbeck points out that the discovery that has been produced by the government shows that between August 27 and August 28, 2019, "law enforcement extracted the data from the Seagate Tower . . . that it seized on August 21, 2019 and placed that extracted data on hard drives," but that it appears that "law enforcement wiped that extracted information clean on or about September 17-18, 2019," which error law enforcement discovered on October 3, 2019, and then waited until February 13, 2020, to reimage the Seagate Tower, which was "well after the time authorized by the original search warrant and without getting a new warrant.""[1]



---

[1] Case 3:21-cr-00004-TCB-RGV Document 108 *10 footnote 8. This wiping of data was from Roderick Coffin's misuse of the imaging software. We do not have a 302 describing if the James Degrood the agent who "reimaged" the drive on February 11,2020 even did a md5 check to verify if the hard drive data was the same between the initial data imaging and the subsequent imaging. It is irrelevant because this imaged hard drive belonged to Roderick Coffin and was in his possession according to his own report on August 17th, 2019 and physical tags he had placed on the drive himself before the search warrant was executed.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 2



**DExT/CART TECH Imaging Worksheet**

| Case Information | | |
|---|---|---|
| UCFN#: 288A-AT-2050553 | Lab#: N/A | Legal Authority: ☒Search Warrant ☐Consent ☐Other (Explain) |
| Image Acquisition Site (Address): FBI Atlanta | | |
| CART TECH(s)/Examiner(s): SA Roderick Coffin | | Date: 8/17/19 |

| Computer / Laptop Information ☒ n/a (Check if not applicable) | | |
|---|---|---|
| Mfr: | Model: | Serial #: |
| Lab Unique Identifier(s)#: | Other Identifier(s)(if applicable): | Power Status: ☐On ☐Off |
| BIOS Date/Time: ☐ n/a | Actual Date / Time: | BIOS acquired method:☐Keystroke ☐Other (Explain) |

| Hard Drive / Removable Media Information ☐ n/a (Check if not applicable) | | |
|---|---|---|
| Mfr: ☒Seagate ☐Western Digital ☐Maxtor ☐Other (Explain) | Model: SRD0VF2 | Serial #: NA8B08GS |
| Size: 4.0 ☐GB ☒TB ☐n/a | Lab Unique Identifier(s)#: QAT18 | Type:☒SATA ☐IDE ☐SCSI ☐SAS ☐Other (Explain) |
| Imaging | | |

[2] Mr. Purbeck should have no possessory interest in this device as it belongs to Mr. Coffin according to the tags and report. Since the drive is being falsely attributed to Mr. Purbeck and appears to be the only device with a documented search by the government and has been the subject of extensive documentation in the 9th circuit 22-15973 document "STATEMENT THAT APPEAL SHOULD GO FORWARD" pages 5-8 filed in August 2022. Roderick Coffin and the government have failed to update the documentation even after a prominent showing of an error in Roderick Coffins paperwork for it to be falsely attributed to Mr. Purbeck. Because the contents of this drive were presented to a grand jury by Roderick Coffin to indict Mr. Purbeck and the government has not corrected the record intentionally it is a Napue violation and should not be allowed to be presented to a jury. Pyle v. Kansas, 317 U.S. 213, 216, 63 S.Ct. 177, 87 L.Ed. 214 (1942) From the discovery provided to Mr. Purbeck this is the only device in the governments possession that they performed a 302 documenting the search (kind of) of the device. They still did not use best practices and did a general exploratory search of Coffins drive. These pictures are from discovery in Mr. Purbecks criminal case. It would fully explain why in a sworn proffer session to which Mr.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 3

"After the warrant was executed, the FBI prioritized the review of the voluminous evidence, starting with the devices for which Purbeck had provided passcodes. Until about late 2020 or early 2021, Purbeck was cooperating with the Government's investigation and the parties were attempting to resolve the case. During this time, on or about December 23, 2020, the FBI attempted unsuccessfully to extract the contents of the two iPhones.

On about June 24, 2021, the FBI again attempted to bypass the encryption on the iPhone 7. By September 7, 2022, based on the difficulties accessing the iPhones, the FBI requested technical assistance from forensic examiners with FBI's Computer Analysis Response Team ("CART"). Due to resource limitations and a backlog in assistance requests from authorities throughout the state of Georgia, FBI CART initiated its attempts to bypass the iPhone encryption on or around May 30, 2023. (Docs. 95-2, 95-3.) FBI CART was able to successfully bypass the encryption on or about June 6, 2023. (Id.) The Government then notified Purbeck's counsel on or about June 22, 2023, that it had recently unlocked the two iPhones and wanted to produce images of the phones to Purbeck as part of its ongoing discovery obligations. After receiving a blank hard drive from Purbeck's counsel, the Government promptly produced forensic

---

Purbeck was afterwards subjected to a polygraph exam and passed that he had no idea what the government was talking about regarding the City of Newnan. This was data on Mr. Coffins hard drive and Mr. Purbeck could not possibly know what is on someone else's drive. Mr. Purbeck admitted to data on an HP laptop in a sworn proffer and an SSD not a Seagate "tower" (sic). Under the common law doctrine of Adverse Possession being proscribed him from the government Mr. Purbeck seeks the return of this drive and all contents should be destroyed including derivative works, or else the government and Coffin could address the Napue violation publicly and their untimely disclosure. It violates the 5th amendment for known falsehoods to be used to prosecute an individual and this is 100% attributable to Roderick Coffin.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 4

images of the iPhones on or about July 7, 2023."[34]

"In its September 7, 2023, response to Purbeck's Motion to Suppress 2023 Searches of iPhones, the Government represented that "the fact that Purbeck provided passwords to certain email accounts is immaterial to the Government's inability to access Purbeck's iPhones— to which he did not provide the passcodes." (Doc. 101 at 12). After promptly reviewing Purbeck's reply brief, which was filed on October 6, 2023, and attached FBI agent notes, it appears that Purbeck may have provided the FBI with a passcode for the two iPhones at issue during his August 2019 interview. The Government therefore wishes to correct the record in this respect and withdraw its prior representation that Purbeck had not provided the passcode for these two iPhones, and the Government agrees not to use evidence from the iPhones 7 and 8 in its case in chief at trial. As such, the Government respectfully submits that the Court should deny Purbeck's motion to suppress (Doc. 99) as moot."[5]

---

[3] 3:21-cr-00004-TCB-RGV *4-5 This is quoted from Document 101 of the criminal case where Mr. Herskowitz tries to defend Roderick Coffins unreasonable actions in delaying a search of the iphones. One of which Mr. Purbeck has no possessory interest in the Iphone 7 which belongs to Ada County and for which Steven O'Meara claimed in a civil deposition contains no activity outside of Mr. Purbecks job responsibilities and thus no contraband as falsely alleged previously by Darci Ward-Crane in response to Mr. Purbecks 41(g) motion.

[4] There is no explanation for why Mr Herskowitz makes the fraudulent claim (this is a felony false statement) regarding Mr. Purbeck somehow stopping cooperation in late 2020 because the last communication defense received from him was prior to Thanksgiving that year about amending portions of the plea agreement and was now fully in his court and defense didn't hear back from him until January 29th, 2021. He put this false statement in to justify an unreasonable attempt at a search on December 23rd, 2020 by Roderick Coffin.

[5] 3:21-cr-00004-TCB-RGV Document 107-1 *1-2. The reports show this was all caused by Roderick Coffins delay in searching the devices. It was unreasonable to deprive Mr. Purbeck of his possessory interest in his phones for 4 years because of incompetence caused by Roderick Coffin. The password was contained in his notes and corresponds to Mr. Purbeck previously stating in the record that he provided the passcodes to Coffin. What is surprising is how the government feels compelled to correct the record with regards to this embarrassment defense put in their face but has not corrected the record for the 41(g) motion where they claimed that every object seized from the house on August 21st, 2019 was contraband but it is clear from this record alone that the government had not diligently searched the devices or objects. It was confirmed in September 2023 by Michael Herskowitz that the only 302 of any objects searched from the more than 10,000 objects seized relates only to the Seagate tower shown on the previous pages. It was a bold-faced lie to tell this court in response to the 41(g) motion that every object seized was contraband, and Mr. Purbeck demands a correction from Mr. Herskowitz himself and it should be done in open court at a new hearing where the government concedes it lied to the grand

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 5

In its opposition to the motion to suppress filed on January 31st, 2022 the government tries to explain away why Roderick Coffins affidavit for the search warrant contained 3 out of 4 incorrect IP addresses. Magistrate Vineyard got it wrong in allowing the agents incompetence to survive a Franks challenge. He also got it wrong that Agent Coffin should not have been subject to a Franks hearing for misstating that the Confidential informant provided him with evidence that Mr. Purbeck was not a member of TDO and he failed to share that information with Magistrate Bush.[6]

Charges 4-8 of Mr. Purbecks Indictment also show agent Coffins fundamental misunderstanding of IP addresses. The government makes an out-of-venue set of charges based on Coffins perjury to the grand jury for an incident occurring in Wellington, Florida. There is simply no connection to the N.D. Georgia and Mr. Purbeck produced a well-thought-out explanation of how no traffic based on a (manufactured false-evidence) two year after the fact traceroute performed by the government showed any traffic going through the N.D. Georgia. Instead, the traceroute showed the server was in Texas and no part of their fraudulent test "evidence" went through Georgia. In response to the motion to suppress, agent Coffin found another similarly situated halfwit working at a local cable company to espouse his confirmation bias about how it wasn't possible for a host of hearsay nonsense international traffic coming to a server supposedly in Wellington, Fl not to travel through the Northern District of Georgia (apparent center of the universe). But that's not what the government needs to prove, it needs to prove that one of one email communications travelled through the N.D. Georgia. So instead of just correcting its error, the

---

jury to get a forfeiture indictment that included all objects seized from the search when in reality it had only searched one device. And if the court finds that Mr. Herskowitz lied to the grand jury to get a forfeiture provision just to scuttle Mr. Purbecks 41(g) motion he should be jailed for 180 days as permitted by court sanction power and all of Mr. Purbecks property should be returned to him at his home at Mr. Herskowitz's personal expense subject to a court hearing to remove any actual contraband if there is any. In Magistrate Vineyards R&R from 10/25/23 Document 108 in the Criminal case he 100% ignores that Mr. Purbeck made a valid 41(g) motion prior to the government even beginning to image many of the devices and they cannot possibly believe that they didn't make false statements in the reply brief to the 41(g) motion Mr. Purbeck filed on January 31st, 2021. It is not harmless error for the government to lie to this court so it can continue unabated in the criminal investigation and then make the argument that the defense was untimely when Mr. Purbeck called for the return of his property before being indicted and Magistrate Vineyard completely ignored Possessory interest in his initial R&R and in the 10/25/23 one.

[6] The agent made bold claims to Magistrate Bush that Mr. Purbeck was attempting to torment mentally-ill disabled children to commit suicide en-masse. That is why the linkage to this TDO group is so insidious. The agent knew it was likely false, but wanted to get a warrant with less oversight than normal which was only possible by falsely accusing Mr. Purbeck of evil intentions towards children.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 6

government made an argument that it was proper because the indictment says it, and so its ok to deceive and the jury should decide the facts. If the government and especially Michael Herskowitz however, knows it is presenting false evidence he should be punished for deliberately putting someone through an unreasonable prosecution. On August 17th, 2023 the government provided discovery that was untimely from a web server purporting to be a site called uas-service.ru in the form of screenshots. Those screenshots came from a site that according to wayback machine was operational on the date of Mr. Purbecks indictment, but went down sometime in late 2021, or 2022. So Mr. Purbeck has no way of finding out even what these screenshots represent or how they are allegedly tied to him. By the government delaying providing evidence for a period of 5 ends of justice continuances, and even then, only providing this hearsay as evidence in 2023 Michael Herskowitz has deliberately stymied Mr. Purbecks defense under the 5th amendment, Brady v Maryland and the speedy trial act in deliberate contravention of the Brady order issued by Magistrate Bush in March, 2021. But as Mr. Purbeck stated in his affidavit if the traceroute even two years after the fact was correct the server was not in Wellington Florida, but rather in Texas, and that is what the screenshot (the hearsay) that they produced as best evidence proves. No traffic would flow through Georgia, period.

| 18.6 2018 | processed | 99.68.221.121.3392 | SIMONYreceptionist | |
| US | Texas | Richardson | Windows Server 2008 R2 | 7 |

On August 11th, 2023 Roderick Coffin and James Pinette produced a sealed document through email from the Northern District of Georgia docket for 3:21-cr-00004-TCB-RGV at 70-9. This document contained a whole history of Mr. Purbecks medical records from St. Lukes Health System and was protected HIPAA PII. Mr. Schaefer was not allowed to be in possession of this sealed document and most certainly the agents were not permitted to be in possession of this document from the sealed docket entry. While Mr. Purbeck did eventually authorize a subpoena for health records from St. Lukes for the discovery he cannot and did not authorize a seizure from the protected computer system at pacer.gov. James Schaefer indicated it was the government who provided this illegally obtained

---

[7] These two screenshots were part of one line, but were illegible when pasted as one line. A cell was also removed between the username and US to remove PII.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 7

discovery document. Notably Nathan Kitchens has previously provided James with documents for this civil case while on the clock for the government as Mr. Purbeck was inadvertently copied on an email where the two conspired to get documents to chill Mr. Purbecks 1st amendment rights in this civil action and used their access to (as well as steal sealed documents from this case and the 9th circuit to stymie Mr. Purbecks defense) by using government access to pacer documents that no other civil defendant would have access to. Mr. Coffin and Pinettes' possession of this document and production of it is tantamount to a violation of the CFAA and is a felony HIPAA violation. The government should respond as to who produced this document to Mr. Coffin and Pinette and they should be disqualified from the prosecution of Mr. Purbeck and recommended for prosecution under the HIPAA Act in the District of Idaho. § 1320d-6(a)

As a defendant in a criminal matter receiving mostly documents produced by Roderick Coffin it is difficult to make a defense, because the documents are so full of errors and the government will not correct them. Mr. Purbeck can excuse minor typos, but when every single document is tainted by misrepresentations and a clear misunderstanding of computer technology it makes even understanding what he is alleged to have done difficult. The jury or factfinder should be allowed to see these errors on every single document produced, and the government should be ordered to correct the documents otherwise they represent deliberate Napue violations.

These are just some reasons why Roderick Coffin should not survive the qualified immunity test under Malley v Briggs for incompetence.

## Agent Coffin Committed Perjury during the September 1st, 2022 Hearing

Mr. Purbeck hasn't been able to finish discovery in this civil action, but there is adequate evidence to prove that Agent Coffin committed perjury in the suppression hearing. Although Mr. Purbeck would say commonsense indicates Coffin committed perjury to several items including his supposed partial Miranda warning response to Mr. Purbeck requesting a lawyer this one issue is provable. Agent Coffin was trying to undermine Mr. Purbeck's Garrity defense. Early in the day while interrogating Mr. Purbeck Agent Coffin told Mr. Purbeck that Ada County would be there to interview him. This implicated Garrity because Mr. Purbeck had a reasonable fear that not answering the questions during investigations which was a requirement of Mr. Purbecks job duties would cost him his job. And agent Coffin knew that would make Mr. Purbeck more likely to answer questions.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 8

```
A.  I remember him asking something along the lines of, in
response to me asking to interview him, I believe he kind of
wondered or asked about him getting to work on time.
Although I don't remember how he asked it, I remember
telling him something like Ada County knows to not expect
you to be on time today.
```
[8]

```
A.  I remember learning that it was going to happen, but I
have no recollection of who would have informed Mr. Purbeck.
Q.  Did you know before you arrived at the search scene that
Ada County was going to be coming out?
A.  Did not know before the search.
```
[9]

There is a great deal of questions regarding this interaction because it was so firmly in Mr. Purbecks head that Agent Coffin informed him early in the day that Ada County would be arriving to interview him. Coffin beats around the bush in this back and forth and finally states "Did not know before the search." That line is perjury. He most certainly did know. On August 20th, 2019 Sheriff Bartlett ordered Steven O'Meara and Ryan Pacheco to come to a meeting in his office. Present was at least Roderick Coffin. Mr. Purbeck asked for a full list of who was present at that meeting, but the stay on discovery will prevent the full list from being known yet. In that meeting Steven O'Meara got chewed out by the Sheriff for hiring people without a polygraph even though it's illegal in Idaho. Coffin informed the Sheriff that they were investigating Identity theft, but that was not an item that Magistrate Bush was informed about or authorized. But also, notably there was a plan put in place for the FBI to call Ada County to come to Mr. Purbecks house because Sheriff Bartlett demanded to know Ada County's exposure. Mr. Coffin attended the meeting and was fully knowledgeable that Ada County would be coming to the house on August 21st, 2019. [10]

---

[8] Suppression hearing day 1 page 16
[9] Suppression hearing day 1 page 89
[10] These interactions are documented in the depositions of Steven O'Meara and Ryan Pacheco. Mr. Purbeck cannot afford copies of the deposition transcripts but was present for them and asked the questions. Because they involve Napue violations and constitute Brady material the government (James Schaefer) should be

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 9

## Collateral Estoppel

Plaintiff incorporates the previous section about how Roderick Coffin committed perjury to show that collateral estoppel should not be a defense without a factfinder making a determination first on the credible events. Further with respect to James Pinette, both Steven O'Meara and Ryan Pacheco cannot confirm a false alibi James Pinette made in his suppression hearing testimony where he admits to making what would be an unreasonable search of Mr. Purbeck in front of the two Ada County employees. Plaintiff cannot state with as certain of a viewpoint that the Ada County testimony proves with certainty deliberate perjury, but both of them testified they didn't see it happen and have very different recollections and a fact finder could find that he was trying to make a false alibi to hide his sexual assault and could also constitute a Napue violation in the criminal case.

```
Q.  And during the course of that interview, did anyone
search Mr. Purbeck?
A.  I did.
Q.  And what prompted the search?
A.  At some point during the Ada County interview,
Mr. Purbeck said that he had a hard drive in his pocket, and
he stood up and took a hard drive out of his pocket.  And at
that point it made me wonder if anyone had ever, you know --
and I heard they did a high-risk search, but did anyone look
for other evidence or weapons.  So at that point I did a
quick search of Mr. Purbeck.
```
[11]

Besides the false testimony the doctrine of collateral estoppel is not relevant especially with respect to James Pinette as he participated in this Ada County interrogation which occurred after the initial interrogation ended. Agent Heap testified the Ada County interrogation took place when the search was wrapping up and people were beginning to leave. Detective Pacheco testified to people milling about in the backyard which matches up with the end of day timing and matches up with the search of the shed. And Mr. Purbeck recalled that the sun was

---

ordered to provide these for discovery in Mr. Purbecks criminal trial to prevent a miscarriage of justice. And agent Coffin should be disqualified as a witness for the government and his previous testimony stricken. This violation also shows that Agent Coffin fails the Malley v Briggs test and is someone who knowingly violates the law and the warrant should be annulled after a proper Franks hearing.

[11] Suppression hearing day 1 testimony. Pg 133

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 10

directly overhead which Solar noon occurred at 1:37pm on August 21st, 2019. So assuming they interrogated him when Tucker Heap testified to it occurred when the temperature between 90-93F which is 5-8 degrees above when the expert literature testified to said there was a significant risk of mental impairment. If the factfinder believed the two Ada County employees testimony and it occurred nearly immediately after the initial interrogation it was between 86-90F so it would exceed the accepted temperature where cognitive impairment is likely of 1-5F. Steven O'Meara testified in the short interrogation of Mr. Purbeck it was hot, and his clothes were hot to the touch and he removed a garment of clothing when he went back to his vehicle. So if that occurred in 30-45 minutes imagine how Plaintiff felt after between 4-6 hours depending on the factfinders assessment of timing. Both agents removed body armor because of the oppressive heat.

As will be detailed below the warrant was not executed according to 9th circuit law as falsely alleged by magistrate Vineyard (and the district court). He made no findings on whether the affidavit was present, and then goes on to allow the wholesale seizure of property based on a single line in the affidavit that shows no criminal activity. He refused to take testimony about how the warrant was executed from the other occupant of the house. He refused to allow the defense to show Mr. Purbeck was physically locked in the backyard during the initial portion of the interrogation and Mr. Purbeck couldn't have known the FBI broke the gate after he was already seated. The magistrate made no findings on factors laid out in Ganwich v Knapp. He made findings that items of non-evidentiary value were seized (it was the vast majority of items). He refused to allow testimony that Mr. Purbeck was subjected to a military command structure at Ada County working in the jail and reported to Sergeants, Lieutenants, Commanders etc… Just like Craighead was. He made the assessment as did the district court that 9th circuit law is the governing law, but cherry-picked cases that are not similar to Mr. Purbecks conditions. He found that a 3 ½ interrogation of a morbidly obese middle-aged man in hot direct sunlight by the defendants in temperatures reaching 1 degree below the accepted level where cognitive impairment is likely was perfectly acceptable behavior. No Collateral estoppel is wrong as a defense and to allow a miscarriage of 9th circuit law, by a Chapman v California biased shill like Magistrate Vineyard for the government would be reprehensible.

## Sexual Assault is Not Protected by Qualified Immunity

In Vasquez v. County of Kern, et al., 949 F.3d 1153 (9th Cir. 2020) which was briefed prior to Agent Pinette sexually assaulting Mr. Purbeck the panel said that sexual harassment is not protected by qualified immunity

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 11

and going forward will not be shielded. Sexual assault is not a new context. Bearchild v. Cobban, No. 17-35616 (9th Cir. 2020).

## Not a new Context

The 9th circuit has already made a context for civil rights suits against officers who violate the constitutional rights of people in their custody. Kassab v. San Diego Police Dep't, 453 F. App'x 747, 748 (9th Cir. 2011) (reversing grant of summary judgment when police detained plaintiff in an unventilated car for more than four hours with an interior temperature of 115 degrees Fahrenheit, and plaintiff suffered from heat stroke, had difficulty breathing, and almost passed out) as quoted in Wilcomb v. City of Hous., CIVIL ACTION H-17-1866 (S.D. Tex. Feb. 16, 2018)

## Massaquoi v. Fed. Bureau of Investigation Not Applicable

In Massaquoi v. Fed. Bureau of Investigation, No. 22-55448 (9th Cir. Aug. 23, 2023) the 9th circuit in a n unpublished opinion stated, We construe Massaquoi's pro se complaint liberally, mindful that it was properly dismissed only "if it appears beyond doubt that [Massaquoi] can prove no set of facts in support of his claim which would entitle him to relief on his claim." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).

Mr. Purbeck can prove that James Pinette and Roderick Coffin violated his rights under the 4th amendment by holding him in direct sunlight for 3 ½ hours minimum for Roderick Coffin and that he was subjected to intense psychological interrogation during those 3 ½ hours and only gave up passwords when the scientific literature shows Mr. Purbeck was 1 degree below the standard where mental impairment is likely caused by the agents use of excessive force (torture). Further he can prove that Agent Coffin committed perjury in the suppression hearing and that he is reckless with documentation that was presented to a grand jury ands he has not corrected the false documentation or his testimony to the grand jury. With respect to James Pinette a jury can easily make a finding that James Pinette made a false alibi and thereby committed perjury in the suppression hearing to with 3 witnesses testimony against his testimony. With those findings Mr. Purbeck can show that in fact the entire 302 of the two agents contains deliberate falsifications including with respect to his unmirandized request for a lawyer, and the agents subsequent explanation of a half Miranda warning and false perjurious suppression hearing testimony.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 12

## Warrant Execution is a Factor

The only finding the magistrate made with respect to the warrant during execution was that Mr. Purbeck was given the face cover of the warrant. This facecover contained no crimes under investigation or particularity with respect to what could be seized.

investigation[.]" [Doc. 41-2 at 1, 28-33]; <u>see also</u> [<u>id.</u> at 20-26 ¶¶ 64-70]. On August 21, 2019, law enforcement agents, including Agent Coffin, executed the search warrant and seized computer equipment, electronic storage devices, cell phones, financial documents, and other items and also provided Purbeck a copy of the front page of the search warrant and a handwritten inventory of items seized from the residence. [Doc. 38 at 4]; <u>see also</u> [Doc. 41-2; Doc. 76 at 6-10, 16, 25, 65, 74, 113-14, 142, 187, 198-99; Doc. 77 at 39, 42, 47, 59].[4]

Mr. Purbeck contends that the affidavit was not present and very possibly the particularity with respect to what could be seized and cannot be used to cure a blank warrant page. Vineyard adamantly prevented testimony that would undermine his false conclusions made not under 9th circuit law, but under case law not from the 11th circuit but the ND Geogia, but purporting falsely to comply with 9th circuit law. Mr. Coffin was present but he testified he did not participate in searching activity, and the photographs, and warrant inventory show that every single item seized was seized while he was busy interrogating Mr. Purbeck meaning he was not providing guidance. There is testimony from Sarah Ganger that the agents told her they were there to look for gift cards, something not allowed in the warrant particularity. It was only when agent Coffin came in, but after everything had already been seized that he told her they were searching for hacking materials. Coffin told Ada County they were searching for Identity theft, and that explains why the agents seized all manner of items not related to the investigation, and not allowed by the particularity but were harmless objects such as Mr. Purbecks notary items. There was no testimony allowed to see

---

[12] 3:21-cr-00004-TCB-RGV document 108 page 6
PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 13

how Agent Coffin prepared the search team if any of them were even allowed to look at the warrant or if he just rattled off nonsense like identity theft and gift cards for them to search for, Ryan Pacheco testified, and placed in his report the FBI was looking for PK a friend of Mr. Purbecks who lived in Vietnam. None of that was in the affidavit or particularity. Vineyard made findings that items of non-evidentiary value were seized, but the government lied to this court and to the grand jury that everything seized was contraband even though the government seems to concede to defense only last month that they performed no documentation of any devices that were subject to judicial oversight except the single drive belonging Roderick Coffin. They cannot prove any objects are contraband. Or if they can they haven't shown defense 2 ½ years after indictment.

In the following quote Magistrate Vineyard cures an oversiezure and falsely misrepresents the email address as being cured by an affidavit that wasn't present on scene. And while purporting to credit 9th circuit law later he cures it with treasonous ND Georgia law. This same activity was the reason the revolutionary war started.. in any event Towne, Kow and Spilotro precludes this flagrantly false argument.

> example, the vast majority of documents on Purbeck's list pertain to records of the Silk Alpaca Corporation, but Agent Coffin's affidavit connected Purbeck to an email address that included the name "silkalpacacorp" in relation to Bitcoin transactions that were under investigation, [Id. at 17 ¶ 48, 18 ¶ 51, 19 ¶ 58], including for potential money laundering offenses, [Id. at 20 ¶ 63], and given "the complex nature of the crime[s] being investigated for which the warrant[] [was] authorized," including money laundering offenses, "seemingly innocuous business records may very well be part of the 'paper puzzle' being pieced together," United States v. Nsoedo, CRIMINAL ACTION FILE NO. 1:08-CR-0351-JEC-JFK, 2009 WL 10669746, at *31 (N.D. Ga. July 31, 2009), adopted sub nom. United States v. Orizu, CRIMINAL CASE NO. 1:08-CR-351-04-JEC, 2009 WL 10676403, at *1 (N.D. Ga. Oct. 22, 2009). Thus, although "a few of the items seized seem of questionable evidentiary value and [ may] fall outside the scope of the authorized search, . . . the vast majority of the items seized fall within the scope of the warrant's authorization" and the "record . . . does not demonstrate that the executing officers' conduct exceeded any reasonable interpretation of the warrant's provisions[;] . . . [therefore,] absent a flagrant disregard of the terms of a warrant, the seizure of items outside the scope of the warrant does not require suppression of items lawfully seized." Id. (last three alterations in original) (footnote, citation, and internal marks omitted). [13]

Because magistrate vineyard has unsealed the warrant. Mr. Purbeck incorporates by reference the warrant document stored in ECF 1 so the court can see that the particularity signed by Magistrate Bush did not include any of the Silk Alpaca Documents not any gift cards, not any items related to PK and all of the objects seized from other

---

[13] 3:21-cr-00004-TCB-RGV document 87 page 109
PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 14

individuals residing in the house would have to be returned because they are cured by an affidavit not present or not established to be present under magistrate Vineyards findings.

In recent civil testimony and with FBI photos it was established Mr. Purbeck was locked in his backyard and the findings of the court that Mr. Purbeck could leave were false.





For the forgoing reasons Mr. Purbeck requests the defendants motion be denied.

Signed this ___14th___ day of November 2023

/s Robert Purbeck

---

[14] What these photos show is that Mr. Purbeck was physically locked in his backyard and the FBI broke the gate that was secured with a heavy duty bike chain and broke the latch. As testified to by SG and these FBI provided photos. The district court credited false testimony that Mr. Purbeck could leave through this gate.

PLAINTIFF REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2023, I served the foregoing REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS

in the manner indicated as follows:

James P. Schaefer
Assistant United States Attorney  United States Attorney's Office  1290 West Myrtle Street, Suite 500  Boise, ID 83702
james.schaefer@usdoj.gov
\_\_\_\_\_ Hand Delivery  __x__ U.S. Mail  __x__ Electronic Mail  \_\_\_\_\_ Facsimile

Darci Ward Crane
Assistant United States Attorney  United States Attorney's Office  1290 West Myrtle Street, Suite 500  Boise, ID 83702
darci.crane@usdoj.gov

\_\_\_\_\_ Hand Delivery  __x__ U.S. Mail  __x__ Electronic Mail  \_\_\_\_\_ Facsimile

| | |
|---|---|
| **Dayton Reed** | \_\_\_\_\_ Hand Delivery |
| **Deputy Prosecuting Attorney, Civil Division** | __x__ U.S. Mail |
| **Ada County Prosecuting Attorney's Office** | __x__ Electronic Mail |
| **200 W Front Street** | \_\_\_\_\_ Facsimile |
| **Boise, ID 83702** | |
| dreed@adacounty.id.gov | |

/s Robert Purbeck

Robert Purbeck

REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS - 12