JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**JAMES P. SCHAEFER, CALIFORNIA STATE BAR NO. 250417**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: James.Schaefer@usdoj.gov

      Attorneys for Defendant James Pinette

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>    Plaintiff,<br><br>v.<br><br>RODERICK COFFIN III, JAMES PINETTE, and ADA COUNTY,<br><br>    Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Federal Bureau of Investigation (FBI) Special Agent James Pinette (Agent Pinette) submits this reply in support of his Motion for Judgment on the Pleadings, ECF No. 71.

**PRELIMINARY STATEMENT**

Plaintiff Robert Purbeck (Purbeck) sued Agent Pinette for damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Am. Compl., ECF No. 19.  Purbeck alleged that Agent Pinette violated his Fourth Amendment rights during the execution of a search warrant by interrogating him for hours in the hot sun (Count I) and sexually assaulting him (Count VIII).  *Id.*

REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

As explained in the memorandum that Agent Pinette filed in support of his Motion for Judgment on the Pleadings, ECF No. 71-1 (Memorandum), Purbeck's claims against Agent Pinette should be dismissed because: (1) Counts I and VIII both fail to state a cognizable *Bivens* claim, *see* ECF No. 71-1 at 4-15; and (2) Agent Pinette is entitled to qualified immunity on Count I, *id.* at 15-18.

Purbeck spends most of his opposition airing perceived grievances with the FBI's execution of a search warrant at his home, the government's handling of evidence seized during that search, and the United States District Court for the Northern District of Georgia's denial of his motions to suppress that evidence. ECF No. 77, *passim*. Purbeck fails, however, to articulate any legitimate reason why Agent Pinette's Motion for Judgment on the Pleading should be denied.

Accordingly, Agent Pinette respectfully requests that the Court grant his Motion for Judgment on the Pleadings.

## ARGUMENT

### I. Purbeck Has Not Alleged A Cognizable *Bivens* Claim

Purbeck does not dispute that courts must engage in a two-step inquiry to determine whether a plaintiff has stated a cognizable *Bivens* claim: (1) courts "ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the [Supreme] Court has implied a damages action," and (2) "if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 138 (2017)).

As to the first step of this inquiry, Agent Pinette's Memorandum identified three

differences that courts routinely find present a new *Bivens* context: (1) the existence of a search warrant; (2) the fact that Agent Pinette is an FBI agent; and (3) the fact that Purbeck's claim involves a different kind of Fourth Amendment violation. ECF No. 71-1 at 7-11; *see, e.g., Massaquoi v. Fed. Bureau of Investigation*, No. 22-55448, 2023 WL 5426738 (9th Cir. 2023); *Daughtry v. Englade*, No. 1:22-CV-240, 2023 WL 7386702, at *16 (E.D. Tex. Oct. 17, 2023).

In his opposition, Purbeck does not dispute that these differences exist and are meaningful for purposes of the *Bivens* inquiry that this Court must conduct. ECF No. 77, *passim*. Purbeck also does not attempt to distinguish the numerous cases cited by Agent Pinette where courts found that these differences presented a new *Bivens* context. *Id.*, *passim*. Instead, citing *Kassab v. San Diego Police Dep't.*, 453 F. App'x 747 (9th Cir. 2011), Purbeck argues in conclusory fashion that "[t]he 9th circuit has already made a context for civil rights suits against officers who violate the constitutional rights of people in their custody." ECF No. 77 at 12. Purbeck's reliance on *Kassab* is misplaced. *Kassab* is not a *Bivens* case; the plaintiff in *Kassab* sued state officials under 42 U.S.C. § 1983. *Kassab*, 453 F. App'x at 747. Accordingly, in *Kassab*, the Ninth Circuit was not called upon to address whether the plaintiff had stated a cognizable *Bivens* claim.

As to the second step of the inquiry that courts must undertake to determine whether a plaintiff has stated a cognizable *Bivens* claim, Agent Pinette's Memorandum identified numerous special factors that preclude Purbeck's *Bivens* claim, including: (1) the Department of Justice's grievance procedures; (2) other alternative remedies such as the Federal Tort Claims Act and 31 U.S.C. § 3724; (3) separation of power principles and congressional inaction; and (4) societal costs and consequences. ECF No. 71-1 at 11-15. In his opposition, Purbeck does not address these special factors, much less dispute that they preclude extending *Bivens* to the new context

REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION FOR JUDGMENT ON THE PLEADINGS - 3

alleged in his Amended Complaint. ECF No. 77, *passim*.

Purbeck briefly discusses one of the cases cited by Agent Pinette, *i.e.*, *Massaquoi v. Fed. Bureau of Investigation*, No. 22-55448, 2023 WL 5426738, at *2 (9th Cir. 2023). *See* ECF No. 77 at 12. In *Massaquoi*, the Ninth Circuit stated: "We construe Massaquoi's pro se complaint liberally, mindful that it was properly dismissed only 'if it appears beyond doubt that [Massaquoi] can prove no set of facts in support of his claim which would entitle him to relief on his claim." *Id.* (citing *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). Purbeck seizes on the Ninth Circuit's recitation of the dismissal standard to argue that his putative *Bivens* claim against Agent Pinette should not be dismissed because, in his opinion, he will be able to prove a Fourth Amendment violation and other misconduct. ECF No. 77 at 12. In doing so, Purbeck skips over the threshold question of whether he has stated a cognizable *Bivens* claim. Purbeck also overlooks that the Ninth Circuit affirmed the dismissal of Massaquoi's putative *Bivens* claim because:

> Massaquoi's Fourth Amendment claim presents a new *Bivens* context because the agents had a search warrant, and the claim involves a new category of defendants, the FBI agents and the FBI Director. We also discern a dispositive special factor: Congress has authorized the Executive to provide an alternative remedial structure for claims like Massaquoi's.

*Massaquoi*, 2023 WL 5426738, at *2. As explained in Agent Pinette's Memorandum, Purbeck's putative *Bivens* claim fails for the same reasons. ECF No. 71-1 at 4-15.

In short, nothing in Purbeck's opposition demonstrates that he has stated a cognizable *Bivens* claim. Accordingly, this Court should grant Agent Pinette judgment on the pleadings on both Count I and Count VIII because neither count states a cognizable *Bivens* claim.

## II.     Agent Pinette Is Entitled To Qualified Immunity On Count I

"Qualified immunity shields federal . . . officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a . . . constitutional right, and (2) that the right

was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted). As a result, to state a *Bivens* claim Purbeck was required to allege facts showing it was clearly established at the time that Agent Pinette's conduct violated the Fourth Amendment. *Id.* This is the case because qualified immunity provides "ample room for mistaken judgments" and protects all government officials except "the plainly incompetent or those who knowingly violate the law." *Malley v. Brigs*, 475 U.S. 335, 343, 341 (1986).

Agent Pinette's Memorandum explains that Agent Pinette is entitled to judgment on the pleadings on Count I because the law was not clearly established when Agent Pinette allegedly violated the Fourth Amendment by interrogating Purbeck in the hot sun. ECF No. 71-1 at 16-18.

In his opposition, Purbeck does not dispute that Agent Pinette is entitled to qualified immunity on Count I, ECF No. 77, *passim*. This is not surprising because Purbeck cannot show Agent Pinette's alleged interrogation of Purbeck violated clearly established law. ECF No. 71-1 at 16-18.

As to what a plaintiff must do to show the law was clearly established as to an alleged violation, the Ninth Circuit recently explained:

> The Supreme Court does not require a case directly on point; it requires existing precedent to place the statutory or constitutional question beyond debate. Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. Cases cast at a high level of generality are unlikely to establish rights with the requisite specificity. While a case addressing general principles may clearly establish a right in an obvious case, such obvious cases are rare. Instead, a clearly established right usually requires controlling authority or a robust consensus of cases of persuasive authority. Plaintiffs must either explain why their case is obvious under existing general principles or, more commonly, show specific cases that control or reflect a consensus of non-binding authorities in similar situations.

REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5

*Waid v. Cnty. of Lyon*, No. 22-15382, 2023 WL 8043822, at *3 (9th Cir. 2023) (internal citations and quotation marks omitted); *see also Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) ("In the Ninth Circuit, we begin the clearly established inquiry by looking to binding precedent. If the right is clearly established by decisional authority of the Supreme Court or this Circuit, our inquiry should come to an end. In the absence of binding precedent, we look to whatever decisional law is available to ascertain whether the law is clearly established for qualified immunity purposes ...." (internal citations, quotation marks, and alterations omitted)).

Purbeck has not and cannot make this showing. As explained in Agent Pinette's Memorandum, there is a dearth of case law addressing when environmental conditions such as temperature make an otherwise lawful detention unreasonable. Moreover, the cases that do exist either do not support a finding that Agent Pinette violated a clearly established constitutional right by interviewing Purbeck in his backyard; are factually distinguishable because they involve prolonged detention in extremely hot cars; or dismiss claims where, as here, the plaintiff fails to allege what the temperature was during the alleged detention. ECF No. 71-1 a 17-18.

Indeed, a year after Agent Pinette interviewed Purbeck, the Eleventh Circuit granted qualified immunity to an officer who placed detainee in an unventilated, un-air-conditioned transport van for two hours. *See Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1185, 1187 (11th Cir. 2020) (explaining "confining a prisoner in a hot transport van, even for a couple of hours, is not so obviously unreasonable that Deputy Smith should have known better in the absence of case law more closely on point"). The court granted the officer qualified immunity because the law was not "sufficiently clear" as to when environmental conditions make a detention unreasonable. *Id.*

REPLY IN SUPPORT OF DEFENDANT JAMES PINETTE'S MOTION FOR JUDGMENT ON THE PLEADINGS - 6

Unable to show that Agent Pinette's alleged interrogation of Purbeck violated clearly established law, Purbeck argues that the defense of qualified immunity should be rejected because the Ninth Circuit "has instructed that sexual assault is not covered under qualified immunity." ECF No. 77 at 1; *see also id.* at 11-12. This argument is a red herring. Agent Pinette's Motion for Judgment on the Pleadings does not assert that he is entitled to qualified immunity on Count VIII. *See* ECF No. 71-1 at 15-19 (asserting qualified immunity as to only Count I).

Purbeck also argues that the United States District Court for the Northern District of Georgia's decisions denying his motion to suppress should not be given collateral estoppel effect in this case. ECF No. 77 at 10-11. This argument is another red herring. While the Court recently granted Agent Pinette's motion to amend his answer to add the affirmative defense of collateral estoppel, *see* ECF No. 72, Agent Pinette's Motion for Judgment on the Pleadings is not based on collateral estoppel. If this case proceeds, Agent Pinette anticipates raising the affirmative defense of collateral estoppel either on summary judgment or at trial.

Accordingly, this Court should grant Agent Pinette judgment on the pleadings on Count I because it is undisputed that he is entitled to qualified immunity on that count.

## CONCLUSION

For the foregoing reasons, Agent Pinette respectfully requests that the Court grant his Motion for Judgment on the Pleadings and dismiss Purbeck's remaining claims against Agent Pinette with prejudice.

Respectfully submitted this 28th day of November 2023.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:


        */s/ James P. Schaefer*
        JAMES P. SCHAEFER
        Assistant United States Attorney

        *Attorneys for Defendant James Pinette*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following party by:

| | |
|---|---|
| Robert Purbeck<br>451 W. Waterbury Dr.<br>Meridian, Idaho 83646 | ☒ United States Mail, postage prepaid<br>☐ Fax<br>☐ ECF filing<br>☒ Email |
| Dayton Reed<br>Ada County Prosecutor's Office | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

                                                */s/ Chelsie Black*
                                                Paralegal