UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROBERT MONTY WILKINSON et al,<br><br>　　Defendants. | Case No. 1:21-cv-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Robert Purbeck's motion for discovery (Dkt. 86). For the reasons set forth below, the Court will deny the motion.

Mr. Purbeck's motion requests the Court take judicial notice of "the Georgia Secretary of State's website and the Florida equivalent and do a query for T.E.C.H Ventures Inc and Clairety LLC and view the filings for the years 2020-2024." *Motion* at 15, Dkt. 86. In the alternative, he requests "authority from the court to issue subpoenas to the Georgia Secretary of State and the Florida Secretary of State for the same entities," as well as for "GSA, Timothy Batten, the Northern District of Georgia Clerk and the City of Newman Business licensing division." *Id.* at 15–16. The purpose of either request, according to Mr. Purbeck, is to support his

**MEMORANDUM DECISION AND ORDER - 1**

allegations of judicial bias against a judge involved in his criminal case in the Northern District of Georgia.

The Court will deny both requests. In civil cases, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Although relevance under the rule is defined broadly, it is not limitless. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Mr. Purbeck's request is well outside even the broadest understanding of relevance. The only remaining claim in this case is against Ada County for a lack of name clearing hearing. Discovery about potential judicial bias in Mr. Purbeck's criminal case has no bearing on that claim. Put simply, Mr. Purbeck's allegations of judicial bias in his criminal case in the Northern District of Georgia have nothing to do with this civil case in the District of Idaho.

Moreover, the Court has stayed discovery while Mr. Purbeck's criminal case is pending. Dkt. 75. Mr. Purbeck filed a notice of appeal in his criminal case, meaning the case is still pending and the stay is still in place. Dkt. 85. Accordingly, Mr. Purbeck's motion for discovery is denied.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Discovery (Dkt. 86) is **DENIED**.



DATED: April 28, 2025

B. Lynn Winmill
U.S. District Court Judge